UNITED STATES ex rel. KELLEY v. PETERS, Sheriff.

(District Court, E. D. Illinois. January 19, 1909.)

1. BANKRUPTCY (§ 392*)—DETENTION OF BANKRUPT—STATUTES AND ORDERS.

Bankr. Act July 1, 1898, c. 541, § 9a, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3425), and General Bankruptcy Orders 12 and 30 (89 Fed. vii, xii, 32 C. C. A. xvi, xxx), relating to the protection of a bankrupt debtor from arrest, are in pari materia, and should be construed as a whole.

[Ed. Note.- For other cases, see Bankruptcy, Dec. Dig. § 392.*]

2. BANKRUPTCY (§ 418*)—GENERAL ORDERS—CONSTRUCTION.

General Bankruptcy Orders 12 and 30 (89 Fed. vii, xii, 32 C. C. A. xvi, xxx), providing that, on reference of a case to the referee, the bankrupt may receive protection against arrest, to continue until final adjudication or determination of his application for discharge, unless suspended or vacated by order of the court, and declaring that a debtor imprisoned at the time of filing a claim in bankruptcy may be discharged, if in custody under process issued for the collection of a claim provable in

---

bankruptcy, relate to practice only, and do not prescribe any rule as to the effect of a discharge in bankruptcy after it is given.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 418.*]

3. BANKRUPTCY (§ 393*)—GENERAL ORDERS—DISCHARGE OF BANKRUPT FROM ARREST.

General Bankruptcy Order 30 (89 Fed. xii, 32 C. C. A. xxx), authorizing the discharge of a bankrupt from imprisonment for debt, merely authorizes such discharge, in case the debt on which the bankrupt is detained is provable, during the pendency of the proceedings and until final adjudication of his application for discharge, after which the dischargeability of the debt may be considered on the question whether the bankrupt has thereby been freed from the debt, and therefore freed from further incarceration.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 393.*]

4. BANKRUPTCY (§ 393*)—INCARCERATION OF BANKRUPT—RELEASE—RIGHT TO DEMAND BAIL.

Neither Bankr. Act July 1, 1898, c. 541, § 2, subd. 15, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421), authorizing bankruptcy courts to make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the act, nor section 9b, authorizing the judge, on an application before the expiration of a month after qualification of the trustee, to require the bankrupt to give bail, authorizes the court to require bail from an imprisoned petitioner, applying for a discharge from arrest as authorized by General Bankruptcy Order 30 (89 Feb. xii, 32 C. C. A. xxx).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 393.*]

5. BANKRUPTCY (§ 415*)—COURTS—JURISDICTION.

Where a judgment was recovered in a state court against petitioner, a school teacher, for an alleged malicious and willful assault on a pupil, the court of bankruptcy had jurisdiction to determine for itself whether the assault was willful and malicious, in determining whether the judgment was one from which the discharge in bankruptcy would constitute a release.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

6. BANKRUPTCY (§ 424*)—CLAIMS—JUDGMENT—WILLFUL AND MALICIOUS INJURY.

Petitioner, while a school teacher, attempted to chastise a pupil for breach of discipline. He resisted, and attempted to fight with her, and she persisted in the chastisement until it was claimed that she inflicted personal injuries on the child, for which a judgment was recovered in the state court as for willful and malicious injury. Held, that the injury was neither willful nor malicious, and that the judgment was therefore released by petitioner's discharge in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 424.*]

Habeas Corpus. On final hearing.

J. B. Mann and W. A. Perkins, for relator.

F. M. & H. I. Green and Acton & Acton, for respondent.

WRIGHT, District Judge. After having been duly adjudged a bankrupt on her voluntary petition, the relator, pending the bankruptcy proceedings and before a discharge was granted to her, was arrested and taken into custody upon civil process, an execution against her body issued out of the circuit court of Champaign county, Ill., upon a judgment obtained in that court against her and another, with whom she was impleaded; said judgment having been given prior to

the filing of the petition in bankruptcy. To be released from imprisonment upon such civil process, relator filed her petition herein, praying for the writ of habeas corpus, which having been duly issued, and return thereto having been duly made by the respondent, a hearing was had thereupon by the court, with result that the court then gave its opinion and order as follows:

General Orders Nos. 12 and 30 (89 Fed. vii, xii, 32 C. C. A. xvi, xxx), and section 9a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]), are in pari materia, and should be construed together as a whole, and all and every part of them given the effect intended. At first blush General Order No. 30 and section 9a seem to conflict, in respect that literally General Order 30 directs the discharge of an imprisoned debtor if the debt is provable merely, while section 9a restricts the immunity from imprisonment to debts which would be released by a discharge in bankruptcy. The orders (12 and 30), in my opinion, are intended merely to secure uniformity of practice, and I think relate to practice only, and are not to be supposed to announce any rule as to the effect of a discharge in bankruptcy, after once it has been given, which will then depend only upon the effect to be given the statute. Construing General Orders 12 and 30 and section 9a. it seems to me the intention of General Order 30 is to provide a means of discharging an imprisoned debtor, if the debt upon which he has been detained is provable, merely during the pendency of the proceedings and until the final adjudication upon his application for a discharge, on the theory that during all such time his attendance upon and presence in the court of bankruptcy is or may likely be necessary, and that the actual question concerning the dischargeability of the debt cannot arise for adjudication until after such discharge has been granted, and that the discharge from arrest contemplated by General Order 30 is but temporary or interlocutory until the end of the bankruptcy proceeding, when the question of the dischargeability of the debt may or may not arise, that being conditioned on whether a discharge in bankruptcy has been granted.

It is not, in effect, contended against the right of the relator to be discharged from arrest under and according to the terms of General Order 30, but that such discharge should be conditioned that she give bail for her appearance hereafter. To do this would be to read into General Order 30 something the authors of it did not place there; but it is plainly commanded that if the claim is provable she shall be discharged, which should be considered, and I think is a construction by the Supreme Court of the legislation by the Congress upon the subject. The right to demand bail, it is argued, is given by section 2, subd. 15 of the act; but that provision is an authority to make orders generally in addition to those specifically provided for, and to give it the effect here demanded would be inconsistent with section 9b, where the conditions under which bail may be required are specifically defined, and do not include a case like this. If the insistence for bail should be yielded in cases like this, it would likely defeat a discharge in the majority of cases, for the reason that the bankrupt, having surrendered all assets, would have nothing with which to indemnify sureties, and would be wholly dependent on the charity or confidence of others to be released at all. Some doubtless could be released, others not, thus producing a condition of discrimination not contemplated by the law. Even if admitted to bail, she would still be in custody in legal contemplation—in the custody of her sureties, who could at will surrender her to prison. That would not be a real discharge, only a pretense.

For such reasons as stated, I am of the opinion that for the court to require bail of a party entitled to it, as a condition for discharge under General Order 30, would be wholly arbitrary and without authority to support it. Entertaining this view, an interlocutory order will be granted discharging the relator from custody during the pendency of the bankruptcy proceedings, in conformity to General Order 30, and at the close of such proceedings, if a discharge in bankruptcy shall have been granted to relator. the court will then hear and determine whether the said debt is dischargeable, and has been

released by such discharge, and, if no such discharge shall be granted, then by operation of law the relator will stand remanded to the custody of the respondent.

It is therefore ordered by the court that the relator, Annie Kelley, be and she is discharged from the custody of the respondent under the civil process in his hands as sheriff issued from the state court, or any other process that may be isued upon the judgment described in the return, and that she remain discharged from such custody and arrest until the final termination of the bankruptcy proceedings in this court, and that the respondent, as sheriff, and all sheriffs, coroners, and constables, are hereby restrained from arresting or interfering with the liberty of the relator by authority of any civil process issued on the judgment recited in the return herein, unless at the close of said bankruptcy proceedings relator shall be denied a discharge, and in that case she shall be deemed by operation of law to be remanded to the custody of said sheriff; but, if such discharge shall be granted, either party herein is hereby given leave to move the court to set this cause for hearing on the question of the release of said judgment debt by said discharge in bankruptcy under the provision of the bankrupt laws of the United States.

Subsequently to that opinion and order the relator became entitled to and received her discharge in bankruptcy, and this cause having thereafter been set for hearing upon the question of the release of the liability of the judgment upon which the civil process had been issued, by the discharge in bankruptcy issued by this court to the relator under the provisions of the bankrupt laws of the United States, this cause was so heard by the court, and argued by counsel for both relator and the respondent, and the question so presented was taken under advisement by the court for determination. The question to be decided is whether the liability of the relator, represented by the judgment against her and another, falls within the exception from release by the discharge as being a liability for a willful and malicious injury to the plaintiff, the judgment creditor in the judgment in question.

The form of action in the state court, in which the judgment was recovered, was the common-law action of trespass. The undisputed facts, upon which the liability of relator rests, both by the record of the trial and judgment in the state court, and the oral testimony introduced upon this hearing, are that the relator was and is a young unmarried woman, and a teacher in the public common schools of the school district where the judgment creditor was an inhabitant and a legal and actual male pupil in such school. The relator was the regular teacher of the school to which the judgment plaintiff had been assigned, and he was at the time of his alleged personal injury by relator in actual attendance upon such school, with numerous other pupils; the relator then having all the rights and authority conferred by law over the pupils, including the plaintiff, then in attendance in the public schoolroom so occupied by her. The judgment plaintiff, while attending the school, being so subject to the authority of relator as teacher, in the presence of the teacher and other pupils assembled in the schoolroom, committed a breach of proper decorum and discipline, and, being reproved therefor by the teacher, the relator, he became and was abusive, vulgar, obscene, and profane in his language toward the relator, who thereafter attempted to moderately chastise him, and thereupon the judgment plaintiff resisted with force, striking and fighting the relator, the latter persisting in the chastisement so begun, until, as a result of the engagement so began and carried on, the

judgment plaintiff insists upon the liability for the personal injuries so inflicted upon him, and represented by the judgment upon which the capias issued, as a liability for the willful and malicious injury to his person, and is not, therefore, released by the discharge in bankruptcy issued to the relator, and that he is entitled to have the relator imprisoned under the provisions of the local law of the state.

It has been argued with great force and ability by the counsel for respondent that the finding of the jury and the judgment of the state court conclusively prove a willful and malicious injury—that malice was the gist of the action, and, unless such had been the case, the state court would have set the verdict aside and refused a judgment upon it. In answer to that argument a sufficient statement would be that it is impossible now to know what particular motive influenced the state court in giving its judgment, whether it considered there was in reality a malicious injury, or whether the teacher had exceeded moderation, or whether, when the claimant brought on a fight by his resistance, relator should have abandoned the fray without defense. In truth, the reasons for the judgment of the state court exist now only in conjecture or imagination, and whatever they may have been are in my opinion immaterial, unless it could be now determined that the injury was willful and malicious, and was and could be only that, and the judgment of the state court was upon that alone, and could be upon that only. But, as before mentioned, the record of the pleading in the case permits the inference, from the relation of teacher and pupil, that there was no malice under the circumstances.

Moreover, although I doubt if it is necessary to go so far in this case, I am of the opinion that the jurisdiction of this court, the court of bankruptcy, requires it to make its own determination of what are or are not liabilities released by a discharge in bankruptcy. It would be an anomaly in judicial proceedings if the court, upon which jurisdiction is conferred to give particular orders, judgments, and decrees, had not the power and authority to give them effect and enforce them. I do not believe that Congress intended to create a puny court like that would be. See Loveland on Bankruptcy, 666 et seq. If, then, I have the authority to determine this question for this court, the mere statement of the undisputed facts in this case, as I have before endeavored to recite them, disputes and refutes every shadow or inference of a willful and malicious injury. If the relation of teacher and pupil existed, it was the right of the teacher to administer chastisement, and by co-relation it was the duty of the pupil to have submitted to it. Instead of such submission, the pupil resisted and brought on the affray by his own wrong, in which he was injured.

It is difficult to believe, in view of the naked facts when thus exposed to sight, that the injury was or could be willful and malicious. In truth, there is no appearance of a willful and malicious injury, constituting the liability in question, except such as it seems to me results from mere averment, insistence, or mere jactitation, and the invoking of a rule of law applicable to well-known malicious conduct, which has and can have no application to the real facts of the injuries complained of in this case. In one way or another it may be that the facts of the case in the state court may have been given a gloss of

malice, which remains shattered and falls away when the facts themselves are properly developed. The malicious character ascribed to the facts in the state court, it seems to me, is of an artificial nature, and not actual. In any possible view of the case I am unable to find that the liability by reason of the facts by which it was produced is entitled to be classed as a willful and malicious injury to the person, and therefore excepted from release by the discharge of the bankrupt.

Entertaining these views, an order will be entered discharging the relator from arrest or imprisonment by authority of the capias described in the petition, and restraining the issuance or service of any capias upon the judgment described in the petition herein.