**Application of James Alonzo ROGERS For a Writ of Habeas Corpus.**

**No. 462.**

United States Court of Appeals Ninth Circuit.

Jan. 20, 1956.

Certified Questions Dismissed
April 2, 1956.

See 76 S.Ct. 539.

Freitas, Allen, McCarthy & Bettini, S. J. Hugh Allen, Walter F. Freitas, San Rafael, Cal., for petitioner.

No other appearances.

DENMAN, Chief Judge.

Rogers, having had denied his application for a writ of habeas corpus by the District Court has addressed to the above court as an entity his petition for *its* certificate of probable cause. The petition is headed "In the United States Court of Appeals for the Ninth Circuit." It is entitled "Petition for Certificate of Probable Cause to Appeal," etc. It is addressed solely to the court, as follows: "To the Honorable, The Above-Entitled Court:" The petition's first paragraph ends with the statement that petitioner "hereby applies for a Certificate of Probable Cause *from this Court.*" (Emphasis added.) The prayer of the petition reads, "Wherefore, Petitioner earnestly prays that This Court Grant a Certificate of Probable Cause to appeal from the Order denying the Petition for Writ of Habeas Corpus." (Emphasis added.) Nowhere in the petition is there mention of a judge of the court much less that the petition is addressed to any of its nine circuit judges. This is not a case where is considered a pleading by a litigant ignorant of the law. Its plain language is that of Rogers' competent attorneys.

The question is whether Congress has given the court, as a court, the jurisdiction to issue such a certificate under 28 U.S.C. § 2253, providing:

"§ 2253. Appeal

In a habeas corpus proceeding before a circuit or district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had."

\*    \*    \*    \*    \*    \*

"An appeal *may not be taken* to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a

State court, *unless* the justice or judge who rendered the order or a *circuit justice or judge issues a certificate of probable cause.* [As amended May 24, 1949, c. 139, § 113, 63 Stat. 105.]" (Emphasis added.)

Nothing could be clearer than that Congress did not intend that the Court of Appeals should first consider the merits of the appeal in the petition for probable cause sufficiently to determine whether to grant an appeal and then again consider its merits if it grant the certificate.

It was for the very purpose of saving the court this double consideration and quite likely any consideration of the case, that Congress enacted the second paragraph of § 2253, confining the certificate to the justice and district and circuit judges. No words could be clearer of Congressional intent than "An appeal *may not be taken* to the court of appeals * * * *unless* * * * a circuit justice or judge issues a certificate of probable cause."

That is to say, Congress intended that in a substantial number of cases, where the certificate is denied, *no burden at all* would be imposed on the court of appeals.

The above concerns the court. So far as concerns the litigant himself Congress here gives him his choice of a circuit justice and nine circuit judges to whom he may petition for the certificate. The chosen judge well may grant it, while a division of three judges may vote to deny it and there are two divisions of the six remaining circuit judges, either of which may grant it. Congress could not have intended to subject the litigant to this absurdity, denying him the choice of the ten judges expressly given him. Nor could Congress have meant that a division of the court had the right to consider the petition for the certificate and after it had denied it the litigant would then have the right to seek it from an individual judge.

■ Were the intent of Congress not so apparent one is compelled to come to the same conclusion by the application of the ancient rule of logic that specific terms prevail over general, the more applicable here because there is no general provision either in section 2253 or in any of the fourteen provisions of sections 2241 to 2255 of the single Congressional enactment on habeas corpus, which gives the jurisdiction to a court of appeals to issue such a certificate.

The rule is stated by the Supreme Court in Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, at page 107, 64 S.Ct. 890, at page 894, 88 L.Ed. 1163, as follows:

"However inclusive may be the general language of a statute, it 'will not be held to apply to a matter specifically dealt with in another part of the same enactment. * * * Specific terms prevail over the general in the same or another statute which otherwise might be controlling.'"

In Ginsberg & Sons v. Popkin, 285 U.S. 204, at page 208, 52 S.Ct. 322, at page 323, 76 L.Ed. 704, the Supreme Court expands the discussion of the rule, stating:

"General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment. United States v. Chase, 135 U.S. 255, 260, 10 S.Ct. 756, 34 L.Ed. 117. Specific terms prevail over the general in the same or another statute which otherwise might be controlling. Kepner v. United States, 195 U.S. 100, 125, 24 S.Ct. 797, 49 L.Ed. 114. In re Hassenbusch, 6 Cir., 108 F. 35, 38. United States ex rel. Kelley v. Peters, D.C., 166 F. 613, 615. The construction contended for would violate the cardinal rule that, if possible, effect shall be given to every clause and part of a statute. Market Co. v. Hoffman, 101 U.S. 112, 115, 25 L.Ed. 782. Ex parte Public [National] Bank, 278 U.S. 101, 104, 49 S.Ct. 43, 73 L.Ed. 202."

Here one has the inversion of the above stated rule. It is that from the

fact that the specified judges composing the court are each given the specific power to entertain the petition for the certificate, the conclusion must follow that they need not act and the court itself shall entertain such petition.

If the above be true then there will be thrown on the courts of appeal of all the circuits, the *huge burden of entertaining the scores of applications for writs of habeas corpus,* a burden we have repeatedly held we have no power to assume. Like section 2253 which confines the certificates to the judges and excludes mention of the court of appeals, sections 2241 and 2242 provide for the entertaining of applications of writs to the Supreme and District Courts and their judges and specifically to the judges of the Court of Appeals and excludes mention of the Court of Appeals.[1]

Reliance is placed on the case of House v. Mayo, 324 U.S. 42, 65 S.Ct. 517, 89 L.Ed. 739. Differing from the present case, the then existing but now repealed statute construed was 28 U.S.C. 466, reading:

"§ 466. Appeal to circuit court of appeals; certificate of probable cause.

"From a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a State court no appeal to the circuit court of appeals shall be allowed unless the United States court by which the final decision was rendered or a judge of the circuit court of appeals shall be of opinion that there exists probable cause for an appeal, in which event, *on allowing the same, the said court or judge* shall certify that there is probable cause for such allowance. (Mar. 10, 1908, c. 76, 35 Stat. 40; Feb. 13, 1925, c. 229 §§ 6, 13, 43 Stat. 940, 942.)" (Emphasis added.)

The court construed the words "the said *court* or judge shall certify that there is proper cause for such allowance" after the words "allowing the same [the appeal]" as meaning the court of appeals. This construction appears from the holding of the court on page 48 of 324 U.S., on page 521 of 65 S.Ct., as follows: "And the *judges* of that *court* erred in not considering whether the case was an appropriate one for a certificate of probable cause, as they were authorized to do by 28 U.S.C. § 466, 28 U.S.C.A. § 466. We think that *they* also erred in not issuing the certificate." (Emphasis added.)

However, Congress repealed this section 466 on May 4, 1949, taking from the courts such jurisdiction and enacted 28 U.S.C. § 2253 in which significantly is omitted all reference to any *court's* issuing a certificate of probable cause and confines the jurisdiction for its issuance entirely to *judges* by the words "unless the *justice* or *judge* who rendered the order or a circuit *justice* or *judge* issues

---

1. They are:

"§ 2241. Power to grant writ

"(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

"(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."

"§ 2242. Application

"Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

"It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known.

"It may be amended or supplemented as provided in the rules of procedure applicable to civil actions.

"If addressed to the Supreme Court, a justice thereof or a circuit judge it shall state the reasons for not making application to the district court of the district in which the applicant is held."

a certificate of probable cause." To fail to give recognition to such a radical change in the later statute is to violate the elementary rule that the words of a statute shall be construed to give them effect and not make them negatory. Washington Market Co. v. Hoffman, 101 U.S. 112, 115, 25 L.Ed. 782; Ex parte Public National Bank, 278 U.S. 101, 104, 49 S.Ct. 43, 73 L.Ed. 202.

Nor is there merit in the contention that the case of Stainback v. Mo Hock Ke Lok Po, 336 U.S. 368, 69 S.Ct. 606, 93 L.Ed. 741 is relevant here. There the Supreme Court held that the United States District Court had no jurisdiction to sit as a three-judge court and that the case should have been decided by a single judge. The Court further held that because the complaint was filed in the district court and one of the judges was a judge of that court who joined in the three-judge court on the merits, his action was the action of the district court. The jurisdiction of that court was not brought into question. Here it is clear that the court of appeals as a court has no power to act and no action is sought from any of its individual judges.

Since Congress has now deprived courts of appeal of jurisdiction to issue such a certificate no power exists to carry out the order of the Supreme Court in its mandate that the court "consider the application for a certificate of probable cause on its merits." Furthermore, since the two other circuit judges, Bone and Orr, formerly on the division, have now retired they are not participating in this opinion.