Helen COVINGTON et al.

v.

MONTGOMERY COUNTY SCHOOL
BOARD.

No. 323–R.

United States District Court
M. D. North Carolina.

April 7, 1956.

C. O. Pearson, Durham, N. C., J. Kenneth Lee, George A. Lawson, Major S. High, Greensboro, N. C., William A. Marsh, Jr., Durham, N. C., for plaintiff.

Garland S. Garris, Troy, N. C., for defendant.

HAYES, District Judge.

On September 7, 1955, this court refused to constitute a three-judge court under Section 266 of the Judicial Code as amended, 28 U.S.C.A. § 2281, for that the pleadings at that time did not show that the defendants were state officers and undertaking to enforce State statutes or orders of a State Board or Commission.

An amendment to the complaint has been made which now alleges that the defendants maintain certain schools for white children exclusively and other schools exclusively for Negro children and that in the performance of these acts the said defendants are acting pursuant to the direction and authority contained in the State constitutional provisions, State statutes, State administrative orders and legislative policy and, as such, are officers of the State of North Carolina enforcing and executing State statutes and policies.

The complaint originally prayed for a permanent injunction against the de-

fendants preventing them from maintaining separate schools for white and colored children pursuant to Article IX Section 2 of the Constitution of North Carolina and alleging that the Section violated their rights secured to them under the 14th Amendment to the Constitution of the United States. Later plaintiffs amended the complaint and it now asks that the portion of the State Constitution requiring separate schools for the two races be declared null and void and that the defendants be permanently enjoined from the enforcement of any law or State order forcing segregation in the public schools.

Plaintiffs filed a petition with the defendants in September, 1954, asking for desegregation. The summons was issued July 29, 1955.

■ If this case is one falling within the provisions of Title 28 U.S. C.A. § 2281, then a single district judge has no jurisdiction to try it. If it is properly a case for a three-judge district court, any action by a single district judge will be nullified by the Circuit Court of Appeals. If a three-judge district court is convened when not coming within the provisions of Section 2281, the United States Supreme Court will take judicial notice of a lack of jurisdiction and remand and vacate any decree of such improperly constituted court. Rorick v. Board of Commissioners, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242; Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 92, 55 S.Ct. 678, 79 L.Ed. 1322. It is, therefore, necessary, if possible, to determine at the outset whether to convene a three-judge district court.

■ In Ex parte Public Nat. Bank of New York, 278 U.S. 101, at page 104, 49 S.Ct. 43, at page 44, 73 L.Ed. 202 it is held that two things must concur to give the three-judge court jurisdiction: "(1) The suit must seek to have a state Statute declared unconstitutional, or that in effect; and (2) it must seek to restrain the action of *an officer of the state* in the enforcement of such Statute."

By the amendment to the complaint, the plaintiffs have alleged facts to show that the defendants are acting in a true sense as officers of the State in respect to public elementary and high schools. While their area of activity is confined to Montgomery County, nevertheless they are doing in their county precisely what similar officials in each of the other 99 Counties are doing; they are administering the State free public school system. A suit to restrain enforcement of the State-wide school law, applicable alike in each county of the State, although against only these officials in Montgomery County, is in reality a suit against State officers. They are not enforcing the school law of Montgomery County but the school law of North Carolina in Montgomery County. Spielman Motor Sales Co. v. Dodge, supra.

■ We must take judicial notice of the State law. The Montgomery school officials are appointed (elected) by the Legislature of North Carolina and are paid by the State; they expend for the State the school funds of the State allocated to Montgomery County. There can be no real doubt that they are acting as officers of the State and therefore meet one of the tests for determining the requisite of the jurisdiction of a three-judge court.

Next, a re-examination must be made to determine if a real controversy is presented as to the constitutionality of the State Constitution, statutes or orders of State Boards compelling segregation in the public schools of the State.

It is true that the State of North Carolina was not a party actually (although the Attorney General was permitted to file briefs) in Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; Id., 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083. After holding in the first case, decided May 17, 1954 that segregation of white and Negro children in the public schools of the State solely on the basis of race, pursuant to State laws permitting or requiring such segregation, denies to Negro children the equal

protection of the laws guaranteed by the Fourteenth Amendment, permission was granted the Attorneys General of the States requiring or permitting segregation in public education to appear as amici curiae and to submit briefs. The Attorney General of North Carolina appeared, filed briefs and made oral argument. In the opinion filed May 31, 1955, 349 U.S. 294, 75 S.Ct. 753, 755, it is said: "The opinions * * * declaring the fundamental principle that racial discrimination in public education is unconstitutional, are incorporated herein by reference. All provisions of federal, state, or local law requiring or permitting such discrimination must yield to this principle." The validity of that part of the North Carolina Constitution requiring separate schools for the two races is no longer the subject of legal controversy. Nor is any statute,—state or local—, or order of a Board compelling segregation in the public schools, a legal controversy now. Every Judge in the land, state and federal, is required under oath to uphold the Constitution of the United States as the Supreme law of the land. In the administration of the law by the courts every Judge is likewise bound by the Constitution as last interpreted and construed by the Supreme Court of the United States.[1] If that court is not the final authority in legal proceedings, then where shall we look for the meaning of the Constitution. It is binding on this court and will be faithfully followed to the best of the ability of this court as now constituted.

If, then, the State Constitution or statutes or orders require that separate schools for the races must be maintained, it follows as the night the day that, being in conflict with the Constitution of the United States as defined by the Supreme Court, they are to that extent, null and void. No three-judge court is necessary to make that declaration. In the recent case from North Carolina of Frasier v. Board of Trustees of University of North Carolina, decided the 16th day of September, 1955, 134 F.Supp. 589, 592, defended by the Attorney General of North Carolina, in connection with the opinion in Brown v. Board of Education, supra, it is said: "The only answer to this far reaching decision, and the only defense on the merits of the cases offered by the defendants in this suit, is that the Supreme Court in Brown v. Board of Education of Topeka, Kansas, decided that segregation of the races was prohibited by the 14th Amendment only in respect to the lower public schools and did not decide that the separation of the races in schools on the college and university level is unlawful. We think that the contention is without merit. That the decision of the Supreme Court was limited to the facts before it is true, but the reasoning on which the decision was based is as applicable to schools for higher education as to schools on the lower level." An appeal was taken to the Supreme Court which affirmed the judgment below, 76 S.Ct. 467. There can be no doubt that the authorities cited above render null and void any law in this State compelling the segregation of the races,—whether in the schools for higher education or on the lower level.

■ If the defendants are discriminating against the plaintiffs, it will be the duty of a one-judge district court to hear and to determine the facts. If it is ultimately determined that they are, such acts cannot be defended on the ground that the State Constitution, or Statutes or orders of the State Board compel it, for the obvious reason that Brown v. Board of Education, supra, and Frasier v. Board of Trustees, supra, have already declared that such laws and orders must yield to the Fourteenth Amendment which as they interpret it bars such discrimination.

The motion to constitute a three-judge court is denied and the case is set for hearing on the merits at Greensboro, N. C. April 26, 1956 at 10 A. M.

1. Briggs v. Elliott, D.C., 132 F.Supp. 776.