**Robert R. McMILLAN, Plaintiff,**

v.

**Robert F. WAGNER, Mayor of the City of New York and Chairman and a member of the Board of Estimate of the City of New York, et al., Defendants.**

United States District Court
S. D. New York.

Sept. 12, 1964.

John A. Esposito, Brooklyn, N. Y., for plaintiff.

Leo A. Larkin, Corp. Counsel, New York City, for City of New York.

McLEAN, District Judge.

This is a motion, pursuant to 28 U.S.C. § 2281, to convene a three-judge court. Plaintiff sues as a taxpayer and voter of the City of New York. Defendants are a number of city officials, among whom are the Mayor, Comptroller, President of the City Council, and the five Borough Presidents, who comprise the Board of Estimate of the City of New York. The Attorney General and the Secretary of State of the State of New York are also made defendants.

The complaint alleges that Sections 61 and 62 of Chapter 3 of the New York City Charter, which create the Board of Estimate and prescribe the voting power of the members of the Board, are unconstitutional. They allegedly deprive plaintiff of due process of law and the equal protection of the laws, in violation of the Fourteenth Amendment, because the voting power of each member of the Board "when applied to the population figures of the various Boroughs comprising the City of New York" result in a "grossly unfair weighting of the said Board of Estimate in favor of the lesser Boroughs of the City to the great disadvantage of the more populated Boroughs of the City." The principal relief asked is that the court declare that Sections 61 and 62 of Chapter 3 of the New York City Charter are unconstitutional, and that the members of the Board of Estimate be restrained from "exercising any of the functions, duties or powers of such Board and from meeting as such Board." Various other incidental relief is also requested.

The complaint was filed on July 13, 1964. As of the time this motion was argued (and as of this moment, as far as the court has been advised), no other steps have been taken in this action by anyone, apart from the making of this motion by plaintiff. Defendants have not answered or moved and their time to do so has been extended by stipulation. No motion for an interlocutory injunction has been made by plaintiff. At this stage of the case, therefore, the motion to convene a three-judge court seems premature. 28 U.S.C. § 2281 provides that an interlocutory or permanent injunction shall not be granted, in a case coming within the purview of the section, except by a three-judge court. But no interlocutory injunction is sought, and the question of a permanent injunction will not arise until the case is tried, which may not occur for many months. If I were to convene a three-judge court now as requested by plaintiff, I do not see that there would be anything for the court to do.

I would deny this motion with leave to renew it when there is something for a three-judge court to act upon, were it not for the fact that it appears that a three-judge court will not be appropriate in this action at any time. Section 2281 provides that an interlocutory or permanent injunction "restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * * shall not be granted * * * upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges * * *." Plaintiff's attack here is upon the New York City Charter. To be sure, the complaint alleges that the Charter was adopted "under the provisions of Chapter eighty-seven of the Laws of the State of New York for the year nineteen hundred sixty-one." But Chapter 87 of the Laws of 1961 merely authorizes the Mayor of the City of New York to appoint a Charter Commission to prepare a charter. Plaintiff does not contend that there is anything unconstitutional about that statute. The Mayor did appoint a Charter Commission which did propose a charter which was adopted by the voters of New York City on November 7, 1961, effective January 1, 1963. That charter applies only to New York City. It is not a state statute of statewide application. The members of the Board of Estimate are city officials acting as such, not officers of the state. It is not alleged that the two state officials who are made defendants, the Attorney

**34**

General and the Secretary of State, have anything to do with the enforcement or execution of the charter. It is clear under the authorities that this case does not fall within Section 2281 and that the action should be tried in the regular way by a single judge, not by a three-judge court. Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928). Rorick v. Board of Commissioners, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939). Ex parte The Public National Bank of New York, 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed. 202 (1928). Teeval v. City of New York, 88 F.Supp. 652 (S.D.N.Y. 1950). See Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 (1941).

Motion denied.

So ordered.