Howard DYER, Jr., and Sam Valencino, Plaintiffs,

v.

M. H. RICH, Sr., Jeff Davis, Herman Caillouet, Fred Neal, and W. P. Powers, as members of the Board of Supervisors of Washington County, Mississippi, Defendants.

No. GC6452.

United States District Court
N. D. Mississippi,
Greenville Division.

Sept. 28, 1966.

See also D.C., 259 F.Supp. 741.

---

Philip Mansour, Greenville, Miss., for plaintiffs.

Edward J. Bogen, Bogen, Wilkes & McGough, and J. A. Lake, Lake, Tindall, Davison & McGee, Greenville, Miss., for defendants.

Before GEWIN, Circuit Judge, and CLAYTON and COX, District Judges.

PER CURIAM:

By this class action plaintiffs seek correction of population disparities which allegedly exist among the districts for the election of county supervisors in Washington County, Mississippi. These disparities, plaintiffs say, constitute invidious discrimination against plaintiffs and all other residents of the Third District—the class for whose benefit this action is being prosecuted. Defendants are the present members of the Board of Supervisors of Washington County.

At plaintiffs' request, this three-judge district court was convened pursuant to 28 U.S.C. §§ 2281 and 2284. In chronological order, these developments occurred in this case:

*First*: Defendants filed a motion to dismiss, asserting that this three-judge court lacked jurisdiction of the subject matter; that plaintiffs had failed to exhaust a plain and adequate administrative remedy available to them under state law; and that the complaint did not state a claim upon which relief could be granted. This motion was taken on briefs in response to which, in a short per curiam opinion, we said, among other things, "It would be improvident to dissolve the three-judge court and * * * this court as now constituted has jurisdiction of the subject matter. Additionally, the importance of the issues tendered by the complaint, which in principle may present a case of first impression, makes it unwise for this court to attempt disposition without the full development of the record."

The motion to dismiss was overruled.

*Second*: The parties stipulated to all the facts necessary for a determination.

*Third:* In a short per curiam, we said, among other things, "Inasmuch as all the issues in this case affect only local government at the county level, we conclude, as a matter of discretion, having in mind the ever present problems of federal-state relationship, that this court

should stay its hand for a time sufficient to allow plaintiffs a reasonable opportunity to pursue the statutory remedy available under Mississippi Code 1942 (Annotated) (Recompiled) § 2870, if they care to do so."

We entered an order abstaining for a period of one year and reserved in that order the question of this court's jurisdiction to proceed until such a time as it might become necessary for it to proceed further.

*Fourth*: Plaintiffs did not seek the administrative remedies provided by state law within the year of abstention and the parties so certified. Moreover, they certified that no additional stipulation of facts was necessary to bring the record current.[1]

The case is thus submitted for final disposition and is before the court on briefs of the parties.

We have now considered the question of jurisdiction more fully. To sustain the jurisdiction of this statutory court under 28 U.S.C. § 2281, the complaint must contain a request for an injunction against enforcement of a state statute or administrative order; the action must be directed against a state statute, constitutional provision, or administrative order of state-wide application; the person or persons to be enjoined must be officers of the state who are engaged in enforcing state laws of state-wide concern; the complaint must set forth a claim for relief of which the federal courts have jurisdiction; and the attack upon the law of the state must be based upon the repugnancy of the challenged statute to the Constitution. Ex Parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928); Ex Parte Public National Bank of New York, 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed. 202 (1928); Spielman Motor Sales Company, Inc. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322 (1935); Rorick v. Board of Commissioners of Everglades Drainage District,

307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939); City of Cleveland v. United States, 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274 (1945); Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963).

Reduced to its bare essentials, the complaint in this cause is directed against the members of the board of supervisors of the county and alleges that plaintiffs and their class are residents of one of the five supervisors' districts into which the county is required to be divided by section 170 of the Mississippi Constitution of 1890 and Mississippi Code Annotated 1942 (Recompiled) § 2870; that the five districts have not been drawn so as to achieve equality of population as state and federal law require; that the plaintiffs' district encompasses a disproportionate number of persons so that the voting power of each of them is diluted; that the procedure established by the Mississippi statute for rectifying this situation places an intolerable burden upon plaintiffs' rights under the Fourteenth Amendment and that to that extent the statute is unconstitutional; and that the malapportionment of the five supervisors' districts constitutes invidious discrimination against plaintiffs and their class, depriving them of their right to equal protection of the laws guaranteed and protected by the Fourteenth Amendment. Plaintiffs then pray that this court enjoin the defendant supervisors to reapportion their districts or that this court do that task for them.

Section 170 of the state constitution and section 2870 of the state code are "statutes" of general application within the meaning of 28 U.S.C. § 2281. Plaintiffs allege that the code section is unconstitutional because of the conditions and burdens it places upon the achievement of their federal right to equal voting strength. But they do not seek injunctive relief against the en-

---

1. Suggestion was made upon the record in accordance with Rule 25(a) (2), F.R.Civ. P., that Emmet Harty, one of the named plaintiffs, had died and that this action should proceed in favor of surviving plaintiffs. The order to be entered will so provide.

forcement of that statute, and it is clear that their references to its supposed constitutional defects are only intended to establish that they should not be required to exhaust their remedies under state law. It is equally clear that what plaintiffs are seeking in this action is that the defendants be compelled to obey that part of the statute and the state constitution which jointly require the county to be divided into five districts, "with due regard to equality of population." Section 2870 does not delineate the boundaries of the five districts of Washington County or of any other county; those lines are drawn by the local officials of the county—the members of the board of supervisors. Plaintiffs do not ask this court to enjoin the enforcement, operation or execution of the general statute. Instead they ask that we interfere with local legislation, i. e., the most recent resolution of the board of supervisors establishing the current boundaries of the five districts. The first and most important prerequisite to the jurisdiction of a three-judge court is thus lacking in this case. Ex Parte Collins, supra; Ex Parte Public National Bank of New York, supra.

■■ Even though an officer is primarily concerned with local affairs and is elected for and by a local political subdivision, he may on occasion be charged with the responsibility of enforcing a state statute of general application, and to the extent of that responsibility he will be deemed a state officer within the meaning of 28 U.S.C. § 2281. Spielman Motor Sales Company, Inc. v. Dodge, supra. It is not inconceivable that the normally "local" character of the county supervisor might in some cases be extended in this fashion so as to make him a "state officer" within the meaning of section 2281. But this is not the case here. The relief sought against the defendants is obviously limited to the narrow confines of their county and can have no direct effect upon the remainder of the state. For the purposes of this case the defendant supervisors are in no wise charged with the responsibility of enforcing state-wide policy or state statutes of general application. The relief sought against them is sought solely with regard to their capacities as local officers. A second important prerequisite to the jurisdiction of this statutory court is thus lacking. Ex Parte Public National Bank of New York, supra; Rorick v. Board of Commissioners of Everglades Drainage District, supra.

■ As noted, plaintiffs challenge the constitutionality of the procedure established by Mississippi Code Annotated 1942 (Recompiled) § 2870 by which reapportionment may be achieved. We do not indicate our views with regard to this contention, but assuming arguendo that the procedure places an unconstitutional burden on the rights of the plaintiffs, and that the statute is to that extent void, the injury of which plaintiffs complain does not rest on such invalidity. The gravamen of their claim for relief is factual. If the five districts of the county were properly apportioned within constitutional limits, the invalidity of the statutory procedure for correcting malapportionment would be immaterial. There is a distinction between an attack on the constitutionality of a statute authorizing a state officer to act, and an attack on the particular or specific exercise of statutory powers. The latter case does not require a three judge court. Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 84 L.Ed. 800 (1941); Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249 (1940); Wilentz v. Sovereign Camp, W.O.W., 306 U.S. 573, 59 S.Ct. 709, 83 L.Ed. 994 (1939); See Wright, Federal Courts, (1963) § 50, p. 164; ALI, Study of the Division of Jurisdiction Between the State and Federal Courts 136 (Tent. Draft #4 1966). The controversy here is factual, i. e., the existence of alleged discrimination under the Fourteenth Amendment. The injunctive relief which plaintiffs seek may be granted, if at all, without regard to the constitutionality of any state statute. In such a case 28 U.S.C. § 2281 has no application. Booker v. Tennessee Board of Education, 240 F.2d 689 (6th Cir.

1957) cert. den. 353 U.S. 965, 77 S.Ct. 1050, 1 L.Ed.2d 915; Wichita Falls Junior College District v. Battle, 204 F. 2d 632 (5th Cir. 1953) ·cert. den. 347 U.S. 974, 74 S.Ct. 783, 98 L.Ed. 1114.[2]

■■■ For each of the foregoing reasons, this statutory three-judge court, convened pursuant to 28 U.S.C. § 2281, has no jurisdiction of this cause as such. This conclusion does not affect the validity of the proceedings thus far or the continuing vitality of this action, for all actions of this court must be regarded as the actions of the conventional district court. 1 Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1960) § 52, p. 277. This court, convened pursuant to 28 U.S.C. § 2281, will be dissolved and the question of whether plaintiffs are entitled to the relief prayed for will be left for consideration and disposition by a single judge of the district court. Cf. Joyner v. Browning, 30 F. Supp. 512 (W.D.Tenn.1939).

An order will be entered in accordance with the foregoing.

### WILLIAM HAROLD COX, District Judge (dissenting):

This suit simply involves an attack upon the constitutional validity of an order of the Board of Supervisors, Washington County, Mississippi, which defines the boundaries of the five supervisors' districts in the county pursuant to state statute. The plaintiffs seek injunctive relief against unequal districting as to population. There is nothing in this case such as was before the Court in Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800 or in McGuire v. Sadler, Land Commissioner, (5 CA) 337 F.2d 902. There is no question but that the complaint in this case and the facts before the Court on its merits reflect that this plan for districting this county for the election of its Board of Supervisors is not equitable or substantially even as to population and presents to the Court a very serious question of federal constitutional law as to its validity.

There has been no case from any appellate federal court directly on the question at bar. 28 U.S.C.A. § 2281 deprives a single district judge of the power and authority to issue an interlocutory or permanent injunction against the enforcement, operation or execution of a state statute *"or of an order made by an administrative board or commission acting under State statutes, etc."* Surely, it may not be gainsaid that this order made and entered by this board was done under authority of state statutes. There is absolutely nothing in § 2281 to require such an order of the board of this particular county to have state-wide operation to bring this complaint within the ambit of this statute. Even a strict construction of this statute would not justify ingrafting upon the statute such a condition as is not to be found therein. That condition may not be inserted in this statute by judicial interpolation. A single judge district court bereft of the power to grant injunctive relief would be powerless to deal with and enforce its order under the clear mandate of this statute. The Supreme Court in Florida Lime and Avocado Growers, Inc. v. Jacobsen, Director of Department of Agriculture of the State of California, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 said with respect to a statute that the Congressional policy was to provide for a three-judge court to consider the validity of a statute thus assailed for its invalidity. That same result would necessarily follow as to an order of the Board of Supervisors of this county which unequally and improperly redistricted the county in violation of the Fourteenth Amendment rights of these plaintiffs.

2. As this court judicially.knows, Mississippi Code Annotated 1942 (Recompiled) § 2870 was recently amended by H.B. 223, approved by the governor on 27 May, 1966, so as to provide an alternative method for electing members of the board of supervisors. We do not consider or decide the effect of this amendment upon the plaintiffs' contention that the statute is unconstitutional since the amendment does not alter the present character of this action as a factual controversy.

It is my view that this three-judge district court has full jurisdiction of this controversy as a duly and properly constituted court under express authority of § 2281 and should not be dissolved. I, therefore, respectfully dissent from the views so ably expressed by the majority of the Court herein to the contrary. It would appear to be better practice for this special three-judge court to grant any relief to which the plaintiffs may be entitled on this record and let the Supreme Court on direct appeal say whether or not it has jurisdiction of such appeal; or as to whether or not such appeal should have been taken to the United States Court of Appeals for the Fifth Circuit as has been the policy and practice in some such cases.

See also D.C., 259 F.Supp. 736.