(C.D. 3833)

Superior Industries Corp. *v.* United States

United States Customs Court, Second Division

(Decided May 28, 1969)

*Murray Schwartz* (*Howard R. Slonim* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Owen Rader* and *Patrick D. Gill*, trial attorneys), for the defendant.

Before Rao, Ford, and Newman, Judges

Rao, Chief Judge: The merchandise involved in these cases, consolidated at the trial, consists of woven woolen fabrics, described on the invoices as billiard cloth, dyed blue, gold, or gold and green. It was assessed with duty as woven fabrics of wool, other, under item 336.55 of the Tariff Schedules of the United States at $1.135 per pound or under item 336.60 at 37.5 cents per pound and 38 per centum ad valorem, depending upon the value of the individual entries. It is claimed that the merchandise is properly dutiable under item 357.20, as woven billiard cloths, green, wholly of wool, weighing over 11 but not over 15 ounces per square yard, at 37.5 cents per pound plus 30 per centum ad valorem.

The pertinent provisions of the tariff schedules are as follows:

Woven fabrics, of wool:

Other:
       *    *    *    *    *    *    *
Other:
          *    *    *    *    *    *    *

| 336.55 | Valued over $1.26⅔ but not over $2 per pound_____ | $1.135 per lb. |
| 336.60 | Valued over $2 per pound_____ | 37.5¢ per lb. + 38% ad val. |

\* \* \* \* \* \* \*

| 357.20 | Woven billiard cloths, green, wholly of wool, weighing over 11 but not over 15 ounces per square yard_____ | 37.5¢ per lb. + 30% ad val. |

At the trial, plaintiff called Nat Sokoloff, who has been administrative supervisor of Superior Industries Corp. since 1962. He testified that his firm manufactures pool or billiard tables, table tennis tables and poker tables and sells them to department stores, sporting goods distributors and other retail stores. It has been in that line since 1947. The witness said that at that time the entire pool table industry used a green colored billiard cloth to cover the tops of the bed and cushions of the table. In 1960, in order to attract the home or family type of trade, his firm decided to use other colors, such as turquoise, royal blue, toast, orange, and red. His firm did not sell professional type tables but those designed primarily for home use. According to the witness, the cloth used in the 1940's was exclusively green in color but in the last 5 years, 50 percent or more was in other colors. He stated that this was true throughout the trade.

Mr. Sokoloff also testified that the cloth involved herein, imported in 1965, was 63 inches wide and was fabric weighing between 11 and 15 ounces. It was in blue and gold; none of it was green.

The official papers were received in evidence and the witness testified that the weights and yardages shown on the invoices were correct.

Counsel for the plaintiff conceded at the trial that the wool cloth involved herein, although used for pool and billiard tables, was not green in color, and that item 357.20 pertained only to green colored cloth. Plaintiff's claim is apparently based on the theory that green was formerly the standard color used in the manufacture of pool and billiard table cloth, but that now other colors are used, and therefore the provision in item 357.20 should be construed so as to cover billiard cloth of colors other than green. Such construction cannot be adopted. The best evidence of the meaning of a statute is the language of the statute itself, and that language is given its ordinary meaning in the absence of any clear reason to the contrary. *Plant Products Corporation* v. *United States*, 44 CCPA 183, 186, C.A.D. 658 (1957). The meaning of the word "green" in the tariff item here in question can refer to nothing but the color green. The merchandise covered is thus limited to that which is colored green.

Any other interpretation would require us to ignore a plain word in the statute and to violate a cardinal rule of construction, that significance should be given, if possible, to every word of the provision,

*United States* v. *International Importers, Inc.*, 55 CCPA 43, C.A.D. 932 (1968); *Ex Parte Public Bank*, 278 U.S. 101 (1928); *Carey & Skinner, Inc.* v. *United States*, 42 CCPA 86, C.A.D. 576 (1954).

While tariff statutes are written for the future and include merchandise not in existence at the time of enactment, in order to fall within a claimed provision, the merchandise must resemble the article enumerated therein in the particulars established as criteria by the statute. *United States* v. *Gehrig Hoban & Co., Inc.*, 52 CCPA 32, C.A.D. 853 (1965); *Lanston Industries, Inc.* v. *United States*, 49 CCPA 123, C.A.D. 807 (1962); *Davies Turner & Co.* v. *United States*, 45 CCPA 39, C.A.D. 669 (1957); *V.G. Nahrgang* v. *United States*, 51 CCPA 76, C.A.D. 840 (1964). Here the merchandise does not have one of the particulars mentioned as criteria by the statute—the color, green.

Furthermore, it does not appear that non-green billiard cloth was unknown in 1962 when the Tariff Classification Act of 1962 was enacted or in 1963 when the tariff schedules went into effect. The specification "green" is thus evidence that Congress intended to limit the billiard cloth covered by item 357.20 to that which was green in color. This restriction had also been included in trade agreement modifications to paragraph 1109(a) of the Tariff Act of 1930, at a time when it may have been unnecessary if, as the witness stated, all billiard cloth was then green. Trade agreement with Belgium and Luxemburg, 67 Treas. Dec. 470, T.D. 47600; Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739; Presidential Proclamation No. 3387, 96 Treas. Dec. 2, T.D. 55285, and Presidential Proclamation No. 3513, 98 Treas. Dec. 51, T.D. 55816. In any event, it is clear that this attribute was one of those considered essential to classification under trade agreement modifications as well as under the tariff schedules.

Since the merchandise here is not colored green, it cannot be classified under a provision for billiard cloth, green.

While blue or gold billiard cloth may be similar in use to green billiard cloth, recourse cannot be had to classification by similitude here since the merchandise is covered by the provision for a woven fabric of wool and is not an unenumerated article. *Package Machinery Co.* v. *United States*, 41 CCPA 63, C.A.D. 530 (1953).

It is clear that item 357.20 provides for green billiard cloth more specifically than do items 336.55 and 336.60, but since blue and gold billiard cloth are not covered by item 357.20, no issue of relative specificity is involved as to the instant merchandise.

Plaintiff's witness testified that the imported merchandise weighed between 11 and 15 ounces (presumably per square yard), but he also stated that the weights and yardage in the invoices were correct. However, calculations based on the figures on the invoices covered by

entries 730731 and 746134 show that the merchandise in those shipments weighed less than 11 ounces per square yard. Accordingly, it would not be covered by item 357.20, even if it were colored green.

For the reasons stated, the protests are overruled. Judgment will be entered accordingly.