In re THORNHILL WAY I, an Illinois Partnership, Debtor.

Bankruptcy No. 77 B 3676.

United States Bankruptcy Court, N. D. Illinois, E. D.

Jan. 19, 1978.

Larry Blust, Daniel R. Murray and Ronald R. Peterson of Jenner & Block, Chicago, Ill., for debtor.

Daniel W. Gillogly, Asst. U.S. Atty., for the United States.

## ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the motion of the UNITED STATES OF AMERICA to dismiss the Chapter XII petition of Debtor, THORNHILL WAY I.

The Court having examined the pleadings filed in this matter and having received and

reviewed the memoranda of law in support of the respective positions of the parties hereto, and the Court being fully advised in the premises:

The Court Finds:

1. The Debtor, THORNHILL WAY I, is an Illinois partnership.

2. At the time of the filing of the petition herein for an arrangement under Chapter XII of the Bankruptcy Act, Debtor, THORNHILL WAY I, was the sole beneficiary of The Exchange National Bank of Chicago, Land Trust No. 24671. The Exchange National Bank of Chicago, trustee under said Trust No. 24671, was then the legal and equitable owner of the real estate and improvements thereon, the development and operation of which property was the principal business of debtor.

3. The trust agreement entered into between the Debtor and The Exchange National Bank of Chicago as Trustee provides that the interest of the beneficiary thereunder and the rights conferred to such beneficiary thereunder shall be deemed to be personal property and that said beneficiary shall have no right, title, or interest in or to any position of the real estate which was the subject of the said trust, either legal or equitable.

4. Subsequent to the filing of the Motion of the UNITED STATES OF AMERICA to dismiss the Chapter XII petition herein, Debtor, THORNHILL WAY I, exercised its power of direction under Trust No. 24671 and caused The Exchange National Bank of Chicago, as Trustee aforesaid to convey to it the legal title to the subject real estate.

5. The subject real estate was encumbered by a mortgage dated February 1, 1971, by and between The Exchange National Bank of Chicago, as Trustee under Trust No. 24671, mortgagor, and Draper & Kramer, Inc., mortgagee, recorded February 10, 1971, as Document R71–1939 in the office of Recorder of Deeds, DuPage County, Illinois.

Subsequently, Draper and Kramer, Incorporated, for good and valuable consideration assigned said mortgage to American Federation of Labor and Congress of Industrial Organizations Mortgage Investment Trust by written instrument dated September 24, 1973, and recorded September 26, 1973, as Documents R73–61582 in the office of Recorder of Deeds, DuPage County, Illinois.

Said mortgage, from its execution was insured pursuant to the National Housing Act as amended.

Thereafter, American Federation of Labor and Congress of Industrial Organizations Mortgage Investment Trust elected, under the provisions of the National Housing Act, as amended, upon default to assign the mortgage and the underlying credit instrument to the Secretary of Housing and Urban Development and did so assign said mortgage and underlying credit instrument to the Secretary of Housing and Urban Development by written instrument dated February 3, 1975, and recorded in 1975 as Documents R75–6057 in the office of Recorder of Deeds, DuPage County, Illinois.

THE UNITED STATES OF AMERICA, on behalf of the Secretary of Housing and Urban Development, brought a foreclosure action in the United States District Court for the Northern District of Illinois, Case No. 76 C 2096 entitled The United States of America vs. The Exchange National Bank of Chicago, as Trustee under Trust No. 24671 and Thornhill Way I, an Illinois partnership. On February 10, 1977, the Court therein entered its order placing the United States of America through the Secretary of Housing and Urban Development in possession of the subject real estate, and pursuant thereto the government went into and is now in possession of said real estate.

6. The United States of America, by and through the Secretary of Housing and Urban Development is the only secured creditor holding a security interest in the real estate which is the subject matter of the Chapter XII petition herein.

The Court Concludes and Further Finds:

■ 1. At the time of the filing of the petition for an arrangement under Chapter

XII of the Bankruptcy Act, Debtor, THORNHILL WAY I, was not a debtor who could file a petition under Chapter XII of the Bankruptcy Act pursuant to Section 421 and 422 thereof either in a pending bankruptcy proceeding or as an original petition.

Section 406(6) of the Bankruptcy Act provides as follows:

"(6) "debtor" shall mean a person, other than a corporation as defined in this Act, who could become a bankrupt under Section 4 of this Act, who files a petition under this chapter and who is the legal or equitable owner of real property or a chattel real which is security for any debt, but shall not include a person whose only interest in property proposed to be dealt with by the arrangement is a right to redeem such property from a sale had before the filing of such petition;"

THORNHILL WAY I, as beneficiary of The Exchange National Bank of Chicago, Trust No. 24671, an Illinois land trust was not then the legal or equitable owner of real property or a chattel real within the meaning and purview of Section 406(6) of the Bankruptcy Act. The interest of THORNHILL WAY I in The Exchange National Bank of Chicago, Land Trust No. 24671 is a beneficial interest in a land trust, which under Illinois law delineating its characteristics and the right and obligations of the owners of such property interests, is determined to be personal property and not an interest in real property or a chattel real within the meaning and purview of Section 406(6) of the Bankruptcy Act.

Debtor's acquisition of the legal title to the subject real estate, during the pendency of this case, whether this occurred prior or subsequent to the filing of the motion to dismiss cured this jurisdictional defect and thereby qualified THORNHILL WAY I as a debtor who may file or proceed with a petition under Chapter XII of the Bankruptcy Act pursuant to either Section 421 or 422 of the Bankruptcy Act.

 2. Chapter XII of the Bankruptcy Act, expressly excludes from its application and effect, creditors of any debtor under a mortgage insured pursuant to the National Housing Act as amended.

Section 517 of the Bankruptcy Act provides as follows:

"Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any debtor under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto; nor shall its provisions be deemed to allow extension or impairment of any secured obligation held by Home Owners' Loan Corporation or by any Federal Home Loan Bank or member thereof."

The court makes no distinction in the application of Section 517 of the Bankruptcy Act between the original mortgagee under the subject mortgage, Draper and Kramer, Incorporated, its assignee, American Federation of Labor and Congress of Industrial Organizations Mortgage Investment Trust and its subsequent assignee, the original insurer under said mortgage, the United States of America by and through the Secretary of Housing and Urban Development. Each of these corporations, trusts and legal entities fall within the purview of the exclusions from affect or application of Chapter XII of the Bankruptcy Act. Further, such exclusion applies as to the United States of America by and through the Secretary of Housing and Urban Development both before its acquisition of said mortgage as insurer thereof and after its acquisition of said mortgage, upon default and assignment by American Federation of Labor and Congress of Industrial Organizations Mortgage Investment Trust, as owner of said mortgage. The phrase "mortgage insured pursuant to the National Housing Act . . . ." is descriptive of the character of the mortgages and obligations secured thereby which are without the affect and application of Chapter XII of the Bankruptcy Act and is not intended to distinguish in its effect the status of the UNITED STATES OF AMERICA as the insurer and as the owner thereof.

 3. Inasmuch as the UNITED STATES OF AMERICA by and through

the Secretary of Housing and Urban Development is the sole creditor with a security interest in the subject real estate, and inasmuch as the court has indicated that under the circumstances of this case, Chapter XII of the Bankruptcy Act cannot affect or apply to it, there is no necessity to discuss or to decide whether this Chapter XII proceeding would be appropriate where it was the one and only creditor holding a debt secured by real estate and where it refused to accept any plan, proposed or contemplated, that would constitute an arrangement of the debt owing to it. In effect, because of the application of the provisions of Section 517 of the Bankruptcy Act, there is no class of creditors holding debt secured by real estate for which a plan of arrangement could be proposed; and as a consequence, this Chapter XII proceeding is inappropriate to this debtor and should be dismissed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the motion of the UNITED STATES OF AMERICA to dismiss the Chapter XII petition of Debtor, THORNHILL WAY I, be, and the same is hereby allowed and that the Chapter XII petition herein and this case be and the same are hereby dismissed.

Affirmed, In re Thornhill Way I, December 19, 1979 (unpublished opinion of District Judge Joel Flaum).