PELL, Circuit Judge.
 

 On September 23,1977, Gladstone Glen, a partnership, commenced this action seeking relief under Chapter XII of the Bankruptcy Act of 1898.
 
 [1]
 
 The partnership alleges that its sole asset is an apartment complex in Wheeling, Illinois, and that it is unable to pay its debts as they mature. Among the creditors that Gladstone Glen is unable to pay are Alden Apartments and Wheeling Apartments, partnerships of which the appellant, Michael Sparks, is the general partner. During the pendency of proceedings on Gladstone Glen’s petition before the bankruptcy court, the appellant filed a motion to dismiss. The appellant argued, and the bankruptcy court agreed, that because Gladstone Glen held its interest in the subject real estate in the form of a beneficial interest in an Illinois land trust, the petitioner was not a “debtor” and thus was unable to initiate arrangement proceedings under Chapter XII. Gladstone Glen appealed the bankruptcy court’s action to the district court which reversed. The appellant, in turn, appeals to this court requesting that we reverse the judgment of the district court and reinstate the order of the bankruptcy court dismissing the action.
 

 The principal issue before us is whether the beneficiary of an Illinois land trust is a “debtor” as that word is defined in section 406(6) of the Bankruptcy Act.
 
 [2]
 
 The question has yielded different answers from the district court and bankruptcy court judges in the Northern District of Illinois who have confronted it.
 
 Compare In re Romano,
 
 426 F.Supp. 1123 (N.D.Ill.1977),
 
 appeal disposed of as moot,
 
 Nos. 77-1385 & 77-1386 (7th Cir. unpublished order dated Jan. 2, 1980) (beneficial owner is not a “debtor”)
 
 with In re Gordon, 2
 
 Bankr.Ct.Dec. 1269 (N.D.Ill.1976) (beneficial owner is a “debtor”).
 
 See also
 
 Comment,
 
 May the Beneficiary of an Illinois Land Trust Proceed Under Chapter XII of the Bankruptcy Act?,
 
 10 J. Mar. J. Prac. & Proc. 567 (1977) (discussing the decisions cited above as well as unpublished decisions of the bankruptcy judges in the district).
 
 [3]
 
 Section 406(6) of
 
 *1017
 
 the Bankruptcy Act provides in pertinent part that “ ‘debtor’ shall mean a person, other than a corporation as defined in this Act, . . . who is the legal or equitable owner of real property or a chattel real which is security for any debt.” 11 U.S.C. § 806(6). Under Illinois law, the beneficiary of an Illinois land trust is considered to possess neither legal nor equitable title to the realty itself. Instead, the beneficiary is regarded as owning only a personal property interest in the proceeds of the realty. The issue thus presented is whether a person, who under state law, is considered to have neither legal nor equitable title to real property may, for purposes of federal law, be regarded as the realty’s “legal or equitable owner.”
 

 Both parties agree that the issue is ultimately one of federal law.
 

 Federal, not state, law determines whether a debtor may invoke the jurisdiction of the bankruptcy court.
 
 See, e. g. Segal v. Rochelle,
 
 382 U.S. 375, 379-81, 86 S.Ct. 511 [514-515,] 15 L.Ed.2d 428 (1966);
 
 Board of Trade of City of Chicago v. Johnson,
 
 264 U.S. 1, 10, 44 S.Ct. 232 [234,] 68 L.Ed. 533 (1924);
 
 In re Romano,
 
 426 F.Supp. 1123 (N.D.Ill.1977). On the other hand, state property law may be relevant to determining whether a particular interest qualifies a debtor as the “legal or equitable owner” of real property within the meaning of 11 U.S.C. § 806(6). As one court has stated, state law “supplies the factual matter concerning the nature of [the debtor’s] interests; it delineates . what rights and obligations an owner of such an interest has.”
 
 In re Romano, supra,
 
 426 F.Supp. at 1127.
 

 In re Bergman,
 
 585 F.2d 1171, 1176 (2d Cir. 1978);
 
 see DiFoggio v. United States,
 
 484 F.Supp. 233 (N.D.Ill.1979) (beneficiary of an Illinois land trust is pursuant to 26 U.S.C. § 6337(b) entitled to redeem realty sold to satisfy federal tax liabilities). With that in mind, we examine the characteristics of the Illinois land trust under Illinois law.
 
 [4]
 

 We need not undertake to write a treatise on Illinois land trusts here. The subject has been ably explored by numerous commentators and recently and thoroughly reviewed by the Illinois Supreme Court.
 
 See People v. Chicago Title & Trust Co.,
 
 75 Ill.2d 479, 27 Ill.Dec. 476, 389 N.E.2d 540 (1979) (and authorities cited therein). A land trust is typically
 

 created by execution of a deed in trust transferring all legal and equitable title to a trustee. The deed specifically provides that one dealing with the trustee need not inquire about the trust agreement and stipulates that the interest of the beneficiary is personal property. The deed [is] recorded. A second document, the trust agreement, [is] simultaneously executed, though not recorded. That agreement recites that all legal and equitable title remains with the trustee with an assignable personal property interest in the beneficiary. The beneficiary retains absolute control of the management and receives all the proceeds of the property. Under the agreement, all money advanced by the trustee must be paid by the beneficiary, and the trustee is not required to pay any taxes or assessments. The beneficiary may order the land sold at any time, and the trustee may not act except on written authorization of the beneficiary.
 

 
 *1018
 

 Id.
 
 at 485-86, 27 Ill.Dec. at 478, 389 N.E.2d at 542. The land trust at issue here appears to differ in no material respect from the norm.
 

 The Illinois land trust primarily serves “as a useful vehicle in real estate transactions for maintaining secrecy of ownership and allowing ease of transfer.”
 
 Id.
 
 at 487, 27 Ill.Dec. at 479, 389 N.E.2d at 543. Notwithstanding the recitations in the trust instruments concerning title,
 

 it is apparent that true ownership lies with the beneficiaries though title lies with the trustee. The trustee derives all of his power from the beneficiary and acts solely on the beneficiary’s behalf. The beneficiary may withdraw or modify the trustee’s authority at any time.
 
 (Cf. Board of Trustees v. Board of Supervisors
 
 (1875), 76 Ill. 184, 186-87.) Indeed, there is not a single attribute of ownership, except title, which does not rest in the beneficiary. The rights of creation, modification, management, income and termination all belong to the beneficiary.
 
 (Cf. Wendt v. Myers
 
 (1974), 59 Ill.2d 246, 253 [319 N.E.2d 777].) In reality the transfer to the trustee is a formality involving a shifting of legal documents. The land trust is, in fact, a fiction which has become entrenched in the law of this State and accepted as a useful instrument in the handling of real estate transactions. Outside of relationships
 
 based on legal title,
 
 the trustees’ title has little significance.
 

 Id.
 
 at 492-93, 27 Ill.Dec. at 481, 389 N.E.2d at 545 (emphasis in the original).
 

 With this data as our factual background, we examine the question of federal law: Whether the beneficiary of an Illinois land trust is “the legal or equitable owner of real property” within the meaning of Chapter XII. It is plain that Gladstone Glen is not the legal owner of the real property here. We understand “legal owner” to mean the owner of record,
 
 see In re Spicewood Associates,
 
 445 F.Supp. 564, 569 (N.D.Ill.1977), and the federal courts will look to and follow state law in determining whether the debtor is the legal owner.
 
 See,
 

 e.
 
 g. Owners of
 
 “SW
 
 8” Real Estate v. McQuaid,
 
 513 F.2d 558 (9th Cir. 1975). Here the legal title and legal ownership of the real property are vested in the trustee of the land trust, not the beneficiary. Section 406(6), however, also permits the “equitable owner” of real property to seek Chapter XII relief,
 
 see In re Colonial Realty Investment Co.,
 
 516 F.2d 154 (1st Cir. 1975), and it is this language upon which Gladstone Glen relies.
 

 The appellant, on the authority of Judge Flaum’s opinion in
 
 In re Romano,
 
 426 F.Supp. 1123 (N.D.Ill.1977),
 
 appeal disposed of as moot,
 
 Nos. 77-1385 & 77-1386 (7th Cir., unpublished order dated Jan. 2, 1980), urges that we construe “equitable owner” to mean one who would be recognized as possessing “equitable title” under state law. The appellant apparently would have us recognize as the equitable owner only a person who “is barred, as a matter of state law, from holding legal title to property of which it is the beneficial owner.”
 
 In re Howell-Kessler Co.,
 
 447 F.Supp. 976, 977 (S.D.N.Y.1978). An example of such a person would be a property owner who has mortgaged his property in a “title theory” state. The appellant argues that because Gladstone Glen freely chose to place the land in an Illinois land trust instead of holding legal title itself, it must be bound by the device it chose.
 

 We are not persuaded that the term “equitable owner” need be so narrowly and technically construed. First, the language of section 406(6) is not couched in terms of “title.” Instead the statute speaks of ownership and there is no doubt that Gladstone Glen is the real “owner” of the real property here.
 
 People v. Chicago Title & Trust Co.,
 
 75 Ill.2d at 492, 27 Ill.Dec. 476, 389 N.E.2d at 545. The beneficiary possesses the right to control, use, and enjoy the property. The beneficiary is certainly the owner of the land in the economic sense. And, but for the peculiarities of Illinois law, the beneficiary would certainly be regarded as the equitable title holder — that is, one who lacks legal title but who enjoys all of the ordinary and usual incidents of ownership.
 

 
 *1019
 
 Nor do we view the purpose and legislative history of Chapter XII as warranting a narrow construction of equitable ownership. Chapter XII is one of several chapters of the Bankruptcy Act providing for arrangements rather than liquidation of the estate in “straight bankruptcy.”
 
 [5]
 
 “The purpose of Chapter 12 is to provide relief for the debtor so he can pay his creditors over a period of time while retaining his property.”
 
 In re Dick,
 
 296 F.2d 912, 914 (7th Cir. 1961). It was enacted principally “to furnish the same relief to individual debtors as is now available to corporations under Section 77B or under Chapter X of this bill.” H.R.Rep.No. 1409, 75th Cong., 1st Sess. 51 (1936);
 
 see In re Colonial Realty Investment Co.,
 
 516 F.2d 154, 157 (1st Cir. 1975). Thus, whatever the precise conditions giving rise to its enactment,
 
 see generally
 
 Merrick & Bufithis,
 
 Chapter XII
 
 —Why
 
 Is It?, 52
 
 Am.Bankr.L.J. 213 (1978), Chapter XII was intended to provide relief for property holdings burdened by debt, regardless of the technical manner in which title to the realty was held.
 

 “[A] court of bankruptcy, being a court of equity, looks through the form to the substance of the transaction in determining whether ... a situation [is] properly cognizable under . . . the Bankruptcy Act.”
 
 In re Knickerbocker Hotel Co.,
 
 81 F.2d 981, 983-84 (7th Cir. 1936).
 
 In re Thornhill Way I,
 
 2 B.R. 405 (Bankr.Ct.N.D.Ill.1978), illustrates exactly how formal the Illinois land trust device may be. In
 
 Thorn-hill Way
 
 the beneficiary of an Illinois land trust petitioned for relief pursuant to Chapter XII and during the pendency of the case ordered the trust dissolved and acquired legal title to the real estate. The bankruptcy court suggested in dictum that this cured whatever jurisdictional defect might otherwise be thought to have existed. We see no reason why the beneficiary of an Illinois land trust should be forced to employ such roundabout means to invoke the jurisdiction of the bankruptcy court under Chapter XII.
 

 Without in any way underestimating the important legal consequences which flow from the decision to employ the Illinois land trust device, we hold that Illinois law’s characterization of the beneficiary’s interest as personal property without legal or equitable title to the realty is not controlling for purposes of federal law. Looking to the substance of the matter, we hold that the beneficiary of a land trust is the “equitable owner of real property” within the meaning of section 406(6) of the Bankruptcy Act and therefore a “debtor” entitled to petition for relief under Chapter XII. The judgment of the district court is
 

 Affirmed.
 

 [1]
 

 . Both parties agree that because this action was commenced prior to October 1, 1979, it is governed by the old Bankruptcy Act instead of the Bankruptcy Code of 1978. Chapter 11 of the new Code consolidates and revises Chapters VIII, X, XI, and XII of the old Act. For a comparison of old Chapter XII and new Chapter 11, see Note,
 
 Real Estate Reorganizations; The New Bankruptcy Code v. Chapter XII,
 
 1980 U.Ill.L.F. 251.
 

 [2]
 

 . The appellant also suggests that the petition must fail because technically Gladstone Glen’s partners, rather than the partnership entity itself, are listed as the beneficiaries of the land trust. The bankruptcy court found, however, that the partners’ names appear on the trustee’s records as the owners of the beneficial interest solely for the purpose of convenience and as nominees of the partnership. Under these circumstances we agree that the bankruptcy court correctly treated the partnership as the real owner of the beneficial interest.
 
 See In re LaMarche,
 
 4 Bankr.Ct.Dec. 443 (M.D.Fla.1978);
 
 In re Helmwood Apartments,
 
 2 Bankr.Ct.Dec. 1151 (N.D.Ga.1976).
 

 [3]
 

 .The kindred question of whether the trustee of an Illinois land trust may qualify as a debtor under Chapter XII has also proved troublesome.
 
 Compare Mayo v. Barnett Bank of Pen
 
 
 *1017
 

 sacola,
 
 448 F.Supp. 250 (N.D.Fla.1978) (trustee may file under Chapter Xll)
 
 and In re Maidman,
 
 2 B.R. 569, 5 Bankr.Ct.Dec. 1334 (S.D.N.Y.1980) (same)
 
 with Walker v. Federal Land Bank of Columbia,
 
 468 F.Supp. 831 (M.D.Fla.1979) (trustee is not a “person” as defined in the Bankruptcy Act and therefore may not file).
 
 See also In re Treasure Island Trust,
 
 2 B.R. 332 (Bankr.Ct.M.D.Fla.1980) (Illinois land trust is not a person within the meaning of § 109 of the Bankruptcy Code of 1978). We express no opinion on the question presented or the answers given in these decisions.
 

 [4]
 

 . The Illinois land trust “is a unique creation of the Illinois bar,”
 
 People v. Chicago Title & Trust Co.,
 
 75 Ill.2d 479, 487, 27 Ill.Dec. 476, 479, 389 N.E.2d 540, 543 (1979), but has been recognized and accepted either by statute or judicial decision in many other jurisdictions. Our decision here applies only to the device as it is generally known in Illinois. To the extent land trusts in other jurisdictions may have different characteristics, we express no opinion as to the availability of Chapter XII relief.
 

 [5]
 

 . Chapter VIII governs railroad reorganizations; Chapter X, general corporate reorganizations. Chapter XI is available to both corporations and individuals, but permits arrangements only with respect to unsecured debt. Chapter XII, governing real estate arrangements, is available to persons other than corporations. Although the provisions of the chapters differ to some degree, the separation into different chapters is to a large extent formal.
 
 See
 
 Report of the Commission on the Bankruptcy Laws of the United States 240-41 (1973) (the provisions of Chapters XI and XII were made separate chapters largely for convenience in drafting). The Bankruptcy Code of 1978 synthesizes the provisions of old Chapters VIII, X, XI, and XII into a new Chapter 11. See note 1
 
 supra.