927 F.2d 596
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Amile A. KORANGY
In re Parvane S. KORANGY, d/b/a P.A.K. Associates, Debtors.
v.
Amile A. KORANGY; Parvane S. Korangy, d/b/a P.A.K.
Associates, Plaintiffs-Appellants,
v.
Max D. PUYANIC; Robert Russell; Susan Russell; Albarc,
Inc.; Peter Previti; Pelican Island Groves, Inc., t/a
Pelican Island Groves; Kenneth P. Kennedy; Kennedy Groves,
Inc.; Wabasso Industrial Groves, Inc.; Barnett Bank of
Indian River County, Defendants-Appellees.
 No. 89-2864.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1990.
Decided Feb. 28, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-89-1543-K, CA-89-1621-K)
 Mark Wingate Foster, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., argued for appellants; Nelson C. Cohen, Barbara Kramer Morgan, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., on brief.
 Joyce Ann Kuhns, Weinberg and Green, Baltimore, Md., argued for appellees Puyanic, Robert Russell, Susan Russell, Albarc, Previti, and Pelican Island Groves.
 Roger Schlossberg, Schlossberg & Digirolamo, Hagerstown, argued for appellees Kennedy, Kennedy Groves, Wabasso Industrial Groves, and Barnett Bank; Thomas M. DiGirolamo, Schlossberg & Digirolamo, Hagerstown, Md., on briefs Kennedy, Kennedy Groves, Wabasso Industrial Groves, and Barnett Bank.
 D.Md.
 AFFIRMED.
 Before CHAPMAN and WILKINS, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This litigation involves the application of a Florida statute that provides for the creation of a land trust. The district court and the bankruptcy court concluded that the bankruptcy court lacked jurisdiction over this action because Amile A. Korangy's interest in the property was one in personalty rather than realty. We affirm.
 
 I.
 
 2
 On April 28, 1983, the Beach Bank of Vero Beach was appointed trustee of a Florida land trust established by Amile Korangy, individually; P.A.K. Associates, a Florida general partnership; and Korangy Radiology Associates, Inc., Benefit Trust. These trustors are the beneficiaries of the trust in proportion to their contribution to the trust res. The partners in P.A.K. Associates are Amile Korangy and Parvane Korangy.
 
 
 3
 On December 15, 1983, P.A.K. Associates purchased two parcels of land located in Indian River County, Florida from Pelican Island Groves, a Florida general partnership. The property was conveyed subject to a mortgage assigned to Henry Gesmer. P.A.K. Associates also placed a purchase money second mortgage on the property with Pelican Island Groves as mortgagee. On May 9, 1984, P.A.K. Associates conveyed the first parcel, which is the subject of this action, to Beach Bank of Vero Beach as trustee under the April 28, 1983 land trust agreement. On May 16, 1984, the trustee placed a third mortgage on the land with Great Western Savings, a federal savings and loan association, as mortgagee.
 
 
 4
 When the trust defaulted in its payments on the Pelican Island Groves mortgage, Pelican Island Groves filed a foreclosure action. Great Western Savings also began foreclosure proceedings in state court. While the order of foreclosure in favor of Pelican Island Groves was on appeal, the Korangys, residents of Maryland, filed a voluntary Chapter 11 bankruptcy petition. All parties proceeded under the assumption that the land was part of the bankruptcy estate and that an automatic stay applied to the Florida foreclosure proceedings. See 11 U.S.C.A. Sec. 362 (West 1979 & Supp.1990). On May 22, 1986, the bankruptcy court modified the stay to permit Pelican Island Groves and Great Western Savings to proceed with the appeals from the Florida judgments of foreclosure in order to obtain final judgments.
 
 
 5
 On November 16, 1986, the bankruptcy court vacated the stay in order to permit the foreclosure to proceed. After Pelican Island Groves obtained an order of sale from a Florida state court, the sale by the clerk of court was scheduled for December 30, 1987 at 11:00 a.m. On December 28, 1987, in an effort to delay the sale, the official creditors' committee requested a temporary restraining order and an injunction from the bankruptcy court. The Korangys were allowed to intervene, and at a hearing on December 29, 1987, the court entered a temporary restraining order which provided that "[t]he defendants, their agents, successors and assigns are hereby temporarily enjoined and restrained from continuing in any way with the foreclosure sale currently scheduled for December 30, 1987 of the debtors' property in Indian River County, Florida." Counsel for Pelican Island Groves advised the Clerk of Court for Indian River County, Florida, of the temporary restraining order. The clerk, believing that she was not bound by the order, determined to proceed with the sale.
 
 
 6
 Pelican Island Groves appealed from the temporary restraining order and a hearing was set before the district court on December 30, 1987. Although the hearing began before 11:00 a.m., counsel did not inform the court that the clerk of court in Florida was proceeding with the sale until after the sale had already taken place. None of the partners of Pelican Island Groves participated in the sale. The Korangys abandoned the injunction action and challenged the foreclosure sale in state court. The state circuit court found no irregularities in the events surrounding the foreclosure and affirmed the sale. The Korangys did not appeal from this order.
 
 
 7
 The instant appeal arises from subsequent proceedings that the Korangys initiated in the bankruptcy court. In the first proceeding they seek sanctions against defendants associated with Pelican Island Groves for contempt of court for not preventing the sale after the temporary restraining order had issued. In the second action they seek to avoid the foreclosure sale. These actions have not been addressed on the merits because the bankruptcy court and the district court determined that the bankruptcy court did not have jurisdiction over the property underlying the actions. The bankruptcy court, believing that the property was owned by P.A.K. Associates, concluded that the land was not part of the Korangys' bankruptcy estate and found that it did not have jurisdiction. The district court found that the land was titled in the land trust but concluded that the land trust was actually a partnership, and, as a consequence, the Korangys' interest was personalty rather than realty and the land underlying the personalty interest did not come within the bankruptcy estate.
 
 II.
 
 8
 The exercise of jurisdiction by a bankruptcy court is appropriate only if the matter "involve[s] the administration of, or property of a bankruptcy estate." In re Ennis, 50 Bankr. 119, 121 (Bankr.D.Nev.1985). A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. Sec. 541(a)(1) (West 1979 & Supp.1990). The rights of a bankruptcy estate to property are no greater than those held by the debtor at the commencement of the bankruptcy case. Universal Coops., Inc. v. FCX, Inc. (In re FCX, Inc.), 853 F.2d 1149, 1153 (4th Cir.1988), cert. denied, 489 U.S. 1011 (1989). The nature and extent of the debtor's interest in property are determined by state law. Steyr-Daimler-Puch of America Corp. v. Pappas, 852 F.2d 132 (4th Cir.1988). Whether the interest of the debtor comes within the bankruptcy estate is a matter of federal bankruptcy law. Albion Prod. Credit Ass'n v. Langley (In re Langley ), 30 Bankr. 595 (Bankr.N.D.Ind.1983). The issue before this court is whether Amile Korangy had an interest in the property through the land trust that would bring the property within the bankruptcy estate.
 
 III.
 
 9
 The appellees contend that the district court correctly determined that the bankruptcy court lacked jurisdiction because the land trust agreement created a partnership and Amile Korangy's interest in the land underlying the partnership interest was personalty. Amile Korangy claims that the land trust agreement created a statutory land trust under Florida law and that his interest in the property held by the land trust was an interest in realty, thereby bringing the property into the bankruptcy estate. We conclude that under the specific facts here the result is the same whether the land trust agreement created a partnership or a true Florida land trust.
 
 
 10
 A partner does not have a realty interest in partnership property. Each partner holds a personalty interest that is insufficient to bring the property within the bankruptcy estate. Hopkins Illinois Elevator Co. v. Pentell (In re Pentell ), 777 F.2d 1281 (7th Cir.1985). Consequently, if the district court were correct that the purported land trust was actually a partnership, the property owned by the partnership would not become part of the bankruptcy estate.
 
 
 11
 The beneficiaries of a Florida land trust generally hold a personalty interest that is similar to a partnership interest. Korangy contends that the document creating this land trust did not specify that the beneficiaries' interests would be personalty interests, therefore they held interests in realty. Even if this is true under Florida law, it is not dispositive because for purposes of federal bankruptcy law, we " 'look[ ] through the form to the substance of the transaction in determining whether ... a situation [is] properly cognizable under ... the Bankruptcy Act.' " In re Gladstone Glen, 628 F.2d 1015, 1019 (7th Cir.1980) (quoting Kreuger v. Knickerbocker Hotel Co. (In re Knickerbocker Hotel Co.), 81 F.2d 981, 983-84 (7th Cir.1936); see also Brockington v. Scott, 381 F.2d 792 (4th Cir.1967). Looking beyond the form to the substance of the land trust agreement, we find that the agreement clearly created a partnership. Therefore, Amile Korangy's interest is not sufficient to bring the realty within the bankruptcy estate.* We affirm the holding of the district court that the bankruptcy court has no jurisdiction in this matter.
 
 AFFIRMED
 
 
 *
 Parvane Korangy's only interest in the property is a personalty interest created by her partnership in P.A.K. Associates. This interest is insufficient to bring the property into the bankruptcy estate