MONTE VISTA LODGE, Appellant,

v.

The GUARDIAN LIFE INSURANCE CO.
OF AMERICA, Appellee.

No. 21303.

United States Court of Appeals
Ninth Circuit.

Sept. 20, 1967.

Rehearing Denied Nov. 28, 1967.

Joseph Fisch, Rubin, Seltzer & Solomon, San Diego, Cal., for appellant.

Sterling Hutcheson, Gray, Cary, Ames & Frye, San Diego, Cal., Adams, Duque & Hazeltine, Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and FERGUSON,* District Judge.

FERGUSON, District Judge:

This appeal is from an order of the district court rendered in a Chapter X proceeding of the Bankruptcy Act. Jurisdiction of the district court over such proceeding is granted by Section 2 of the Act (11 U.S.C. § 11), and this court has jurisdiction pursuant to Section 24 (11 U.S.C. § 47).

Prior to May 1, 1963, the parties entered into negotiations for a loan to be used by Monte Vista Lodge, a California corporation, for the construction of a housing facility for the elderly. On that date Guardian Life Insurance Company of America secured a commitment for loan insurance from the Federal Housing Administration pursuant to Section 231 of the National Housing Act (12 U.S.C. § 1715v). On July 1, 1963, Monte Vista executed a promissory note secured by a deed of trust in favor of Guardian Life. Thereafter, Guardian Life made various advances of funds to Monte Vista, each advance being made by reason of a certificate of mortgage insurance issued by the Federal Housing Administration.

The first payment under the note was due December 1, 1964. However, Monte Vista has never made any payment. Guardian Life obtained permission from the Federal Housing Administration to expend funds pursuant to the deed of trust in order to complete construction, and the Federal Housing Administration agreed to insure the funds so expended. Construction was completed and on February 3, 1966, Guardian Life brought suit against Monte Vista in the state courts to foreclose its deed of trust.

On March 14, 1966, Monte Vista filed in the district court its petition to institute proceedings under Chapter X of the Bankruptcy Act (Corporate Reorganizations). The next day the court approved the petition and appointed the trustee. It also enjoined, ex parte, the foreclosure by Guardian Life of the deed of trust.

Guardian Life, on March 25, 1967, filed a motion to amend the order on the ground that the district court did not have jurisdiction to enter the order enjoining the foreclosure. Thereafter, the court amended its order, lifted the restraining order against foreclosure and declared that the proceedings shall neither apply to nor affect Guardian Life.

Monte Vista appeals from that amendment to the order.

The issue is whether or not the district court correctly concluded that pursuant to Chapter X, Section 263 of the Bankruptcy Act, it had no jurisdiction in a Chapter X proceeding to make an order that would affect or apply to Guardian Life under its deed of trust insured by

the Federal Housing Authority under Section 231 of the National Housing Act.

We hold that the district court properly concluded that it did not have jurisdiction.

Section 263 (11 U.S.C. § 663) provides as follows:

"Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any corporation under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto."

■ The thrust of appellant's contentions is that the words "affect or apply to" should be interpreted to mean that although the plan of arrangement under Chapter X cannot modify or alter a debt of a Federal Housing Authority lender, it does not prohibit an injunction while the plan was being implemented. Simply stated, Monte Vista claims that the section should be interpreted to permit the postponing of as opposed to the preventing of foreclosures.

However, Section 263 is not ambiguous as appellant contends, and it is susceptible only to the meaning of its clear language. It states plainly that a creditor which has loaned funds to a debtor corporation and has received a mortgage evidencing such obligation insured under the provisions of the National Housing Act shall not be affected by any of the provisions of Chapter X of the Bankruptcy Act nor shall any of the provisions of Chapter X apply to such creditor.

■ The language of a statute is the best and most reliable index of its meaning, and where language is clear and unequivocal it is determinative of its construction. Department & Specialty Store Employees' Union Local 1265, AFL-CIO v. Brown, 284 F.2d 619 (9th Cir. 1960); N.L.R.B. v. Lewis, 249 F.2d 832 (9th Cir. 1957), aff'd, 357 U.S. 10, 78 S.Ct. 1029, 2 L.Ed.2d 1103.

The legislative history of Section 263 reveals the reason why Congress has created the exception. Section 77B, which was the predecessor of Chapter X, became effective on June 7, 1934. The National Housing Act became effective on June 27, 1934. The predecessor of Section 263 was Section 77B(n), adopted on August 19, 1935, one session of Congress after the adoption of Section 77B, as an amendment to Section 77B. It is clear from this chronology that Congress, although it adopted the policy of promoting debtor rehabilitation through corporate reorganizations, chose to create an exception to this policy and to promote the interests of creditors with mortgages insured under the National Housing Act. It created the exception with the intent of furthering the public policy embodied in the National Housing Act by promoting low-cost housing. (See 38 Ops. Att'y Gen. 258 (1935).)

Congress desired to implement this policy by encouraging private lenders to enter into mortgages insured under the National Housing Act. One of the major inducements was to exempt these mortgagees from the provisions of Section 77B, thereby allowing them to foreclose their defaulted mortgages without hindrance or delay. It realized that debtors would attempt to prevent foreclosure proceedings by utilizing Section 77B proceedings, and it was that attempt which Congress desired to prevent. (H.R.Rep. No. 1644, 74th Cong., 1st Sess. (1935) and Hearings on S. 3058 Before a Subcommittee of the Senate Committee on the Judiciary, 74th Cong., 1st Sess. (1935).)

■■ Appellant concedes that in 1935 the exemption contained in Section 263 was desirable, but claims that today it has lost its validity. Such an argument is one which can be addressed properly only to Congress. In any event, the passage of time cannot change clear and unequivocal language of a statute.

Monte Vista contends in the alternative that the restraining order which was issued upon the filing of the Chapter X petition arose not as the result of anything contained in Chapter X but as the result of the inherent equity power of a bankruptcy court or as the result of Section 2(a) (15) of the Bankruptcy Act (11 U.S.C. § 11(a) (15)) which provides that bankruptcy courts may make such

orders in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of the Act.

 However, neither the inherent equity powers of the court nor Section 2(a) (15) can permit a bankruptcy court to act beyond its primary jurisdiction. Section 263 eliminates the property described from the authority of the bankruptcy court in a Chapter X proceeding, and it therefore has no power to protect nonexistent jurisdiction.

 It is further claimed that Chapter X, Section 102 (11 U.S.C. § 502), which provides in part as follows:

> "The provisions of chapter 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent [with] or in conflict with the provisions of this chapter, apply in proceedings under this chapter * * *."

brings into operation Section 2(a) (15) which is within Chapter II and which permits stay of foreclosure actions. This proposition is sound except as it applies to Guardian Life as a creditor under a mortgage insured pursuant to the National Housing Act. Section 2(a) (15) is an omnibus provision, phrased in general terms to provide the basis for a broad exercise of power in the due administration of a bankruptcy proceeding. In contrast, Section 263 is a very narrow and specific exception to the exercise of the court's jurisdiction. Under the specific terms of Section 102, if Section 2(a) (15) is in conflict with Section 263, then the conflict must be resolved in favor of Section 263. Fundamental maxims of statutory construction require that a specific section be found to qualify a general section. A specific statutory provision will govern even though general provisions, if standing alone, would include the same subject. Karrell v. United States, 181 F.2d 981 (9th Cir. 1950), cert. denied, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646.

The result argued for by appellant would be particularly anomalous in light of Section 113 (11 U.S.C. § 513), which is a part of Chapter X. Section 113 expressly grants the power in a Chapter X proceeding to issue a temporary stay of a mortgage foreclosure, thus making it unnecessary to invoke Section 2(a) (15) in such cases. Section 263 expressly provides that nothing in Chapter X, which must also mean nothing in Section 113, shall be deemed to apply to or affect creditors under a mortgage insured under the National Housing Act. Congress could hardly have intended to grant the power to enjoin mortgage foreclosures in Chapter X proceedings by Section 113, except certain mortgages from this power by Section 263, and then nullify the exception by a general reference, in Section 102, to Section 2(a) (15).

Lastly, Monte Vista claims procedural error in the motion to vacate the restraining order. Guardian Life, in its moving papers, labeled its motion as one made pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. Rule 52(b) provides in part:

> "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly."

Rule 59(e) provides in part:

> "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

 Without deciding that issue of whether or not the motion technically came within the two rules, a party should not be bound at his peril to give the proper nomenclature for his motion. This would be a retreat to the strict common law. So long as he makes a timely motion and states the grounds therefor, the court should grant relief appropriate thereto. (6A Moore, Federal Practice § 59.12, at 3877–78 (2d ed. 1953).) A district court sitting as a court of bankruptcy has power in the first instance to determine whether it has jurisdiction to proceed (1 Collier, Bankruptcy § 2.05 (14th ed. 1967)), and, therefore, it has coextensive power to correct its erroneous assertion of jurisdiction.

The order appealed from is affirmed.