446 F.2d 437
 In the Matter of DELTA FOOD PROCESSING CORPORATION.
UNITED STATES of America, Appellant,
v.
Wade W. HOLLOWELL, Trustee, Appellee.
No. 71-1336 Summary Calendar. *
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 July 12, 1971.
 
 H. M. Ray, U.S. Atty., Oxford, Miss., Walter H. Fleischer, Ronald R. Glancz, Attys., L. Patrick Gray, III, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., for appellant.
 James Robertshaw, Robertshaw, Merideth & Swank, Greenville, Miss., for appellee Wade W. Hollowell, Trustee for Delta Food.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 As stated by the appellant in its brief, this case presents a single, clear question of law: whether the Economic Development Administration %(Eda)/ and its agent, the Small Business Administration %(Sba)/, may be subjected to an order of a bankruptcy court enjoining them from enforcing a lien which they possessed on the debtor's property prior to the filing of the Chapter X petition for reorganization under the Bankruptcy Act.
 
 
 2
 The appellant thrusts upon us its argument that Congress expressly chose not to waive in Chapter X proceedings the sovereign immunity of the United States, and that the bankruptcy court, therefore, exceeded its jurisdiction in enjoining the United States from enforcing the EDA-SBA lien against the debtor. We disagree with the position of the appellant, and for the reasons listed below, affirm the decision of the district court, 313 F.Supp. 788.
 
 
 3
 The case of United States v. Henderson, 274 F.2d 419 (5th Cir., 1960), sets forth the view of this Court concerning government participation in Chapter X proceedings. There, the SBA was a secured creditor with a mortgage on nearly all of the debtor's tangible assets. From the statement of the case as enunciated by Judge Rives, the SBA had filed a petition in district court for an order dismissing the proceedings and for permission to foreclose its lien against the debtor's property. Even though the opinion does not disclose what disposition was made of that petition, the United States appealed on two grounds: (1) it contended that the administrative expenses of the Chapter X proceeding were not chargeable against the mortgaged property, and (2) it took the position that general provisions of the Bankruptcy Act do not apply to the United States unless it is specifically mentioned.
 
 
 4
 This Court, speaking through Judge Rives, had this to say:
 
 
 5
 '* * * We do not have the help of any reply to that argument on the part of the appellees. Our independent consideration of it leaves us unimpressed. The treatment generally of the United States as a creditor in Chapter X proceedings is provided for in Section 199, 11 U.S.C.A. 599. Under that section, if the proceedings had been successful, costs and expenses could have been charged against the security of the United States, the same as against that of any other secured creditor. When reorganization proceedings under former Section 77B failed, there was no holding that the courtdeveloped rule was not applicable to the United States the same as any other creditor. We cannot conceive that Congress intended the incongruous result of a continuation of the old rule when the United States is the secured creditor and its modification to the extent that has been indicated when the secured creditor is a private person.' 274 F.2d at 423-424.
 
 
 6
 We believe that Section 199 of the Bankruptcy Act specifically makes the United States subject to a Chapter X proceeding. In our view, Congress could never have intended to sanction extensive modifications of the rights of secured private persons, without making the same modifications to the rights of the United States; because, as appellee contends, the result would be incongruous.
 
 
 7
 Chapter X is employed where a reorganization, not a liquidation, is desired. The provisions and language of Chapter X contemplate a period during which an impartial trustee will examine the debtor's affairs to determine whether corporate existence and continuity can be maintained. In order for this provision to be effective, there must be a period of time during which all creditors' rights are stayed until the investigation can be completed and a plan of reorganization presented. To our minds, the approval and allowance of a Chapter X petition automatically provides this stay. Ipso facto, unless this stay is applicable to every creditor, including governmental agencies, it will be of no effect. The plethora of governmental bodies which control the operation and regulation of business today clearly warrant the use of injunctive process against them by the Chapter X reorganization court. Were it to be otherwise, there would be little chance of a company of any size at all successfully reorganizing under the provisions of Chapter X without the sanction and approval of one or more of these governmental agencies. We do not believe that this was the intent of Congress. Congress provided a specific procedure under Section 199 of the Bankruptcy Act for the safeguarding of the interests of the United States; when the plan is completed, the Secretary of the Treasury is authorized to accept it or to reject it. This is the only option open to the government. It is not permitted to scuttle the proceeding at any time by foreclosing its lien.
 
 
 8
 There is only one section of the Bankruptcy Act concerning the exclusion of a governmental agency from being subject to a Chapter X restraining order. Section 263 of the Bankruptcy Act provides as follows:
 
 
 9
 'Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any corporation under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto.'
 
 
 10
 Congress, by express exclusion, removed property mortgaged under the National Housing Act from the authority of the Bankruptcy Court in corporate bankruptcy proceedings. This has not been done for any other governmental agency, including the Small Business Administration. At any time, Congress can list other governmental agencies to which such exclusion shall apply; but until it does, this Court cannot agree with appellant's contention that a reorganization court cannot enjoin a governmental agency. Therefore, the doctrine of expressio unius est exclusio alterius applies in this case. The parties herein are referred to the case of Monte Vista Lodge v. Guardian Life Insurance Company of America, 384 F.2d 126, for a complete discussion of Section 263 and why it should be deemed outside the authority of the Chapter X court.
 
 
 11
 In short and in summation, we believe that it would be inappropriate and, yes, incongruous, to permit a foreclosure to take place without the permission of the Chapter X court. To hold otherwise would frustrate the overall purpose of the Bankruptcy Act as stated in the reorganization provisions of Chapter X.
 
 
 12
 Accordingly, the decision of the district court is hereby
 
 
 13
 Affirmed.