**In the Matter of GULF AEROSPACE CORPORATION, Debtor.**

**UNITED STATES of America,
Appellant,**

v.

**H. Lingo PLATTER, Trustee, Appellee.**

**No. 31150.**

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1971.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., Robert V. Zener, Patricia S. Baptiste, Walter H. Fleischer, Attys., Dept. of Justice, Civil Div., Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., for appellant.

R. F. Wheless, Jr., Houston, Tex., for appellee.

Before TUTTLE, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The United States appeals from an injunction issued by the district court in a chapter 10 reorganization of Gulf Aerospace Corporation.

The issues raised on appeal are (1) whether a district court may enjoin the United States or agencies from proceeding against a debtor corporation to resolve claims which the debtor may have against the government pending the reorganization proceedings and (2) whether the temporary injunction issued in this case was an abuse of the district judge's discretion, assuming the court had the power to issue.

The first issue has been disposed of by the recent decision in this court of Delta Food Processing Corporation v. Hollowell, 5th Cir. 1971, 446 F.2d 437 decided July 17, 1971. In a proper case the bankruptcy court may enjoin the United States from enforcing a lien or undertaking in any way to interfere with the debtor's property pending the reorganization proceedings.

As to the second, this record discloses such a diversity of views as to what the injunction actually provides for that, in the present state of the record, the court feels that it is unnecessary to determine whether the temporary injunction as actually issued was beyond the discretionary power of the trial court. From statements made in oral argument it appears that the case is now ripe for final determination in the bankruptcy court. This court, of course, has frequently stated that the granting or denial of a temporary injunction is largely discretionary with a trial court. Once given the power to issue such an order save in cases in which it appears that a gross injustice would result or in cases showing a clear abuse of the discretionary power of the court, appellate courts do not ordinarily rule on the propriety of such interlocutory orders. The lack of need for a determination by this court is unusually apparent in this case when it appears that all of the facts and circumstances have changed substantially since the order issued by the trial court.

Furthermore, appellee concedes that the government has construed the injunction too broadly against itself, in that it has construed it as prohibiting acts which appear not to have actually been prohibited. The United States, ap-

parently standing on its sovereign immunity, decided not to seek a clarification of the order, and that leaves this court in a position where we consider that the best disposition to be made of the matter is to remand the case to the trial court for final disposition. If a further injunction is necessary and appropriate one can be issued. If the reorganization proceedings have proceeded to a point where the debtor can now carry on its affairs in a normal way then it may be ripe for the trial court to dismiss the entire proceedings. We reach none of the issues here.

The case is remanded to the trial court for further proceedings that may appear now to be appropriate in the present state of the record. The United States having lost its principal contention that it was not suable in the trial court, but it also appearing that the United States felt itself prohibited from carrying on certain acts which the appellee now agrees should not have been prohibited, the court concludes that each party should bear its own cost on this appeal.