**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**BRISTOL HILLS APARTMENTS, a
Michigan Co-partnership,
Defendant-Appellant.**

**Civ. A. No. 8–71118.**

United States District Court,
E. D. Michigan, S. D.

Dec. 14, 1978.

Samuel J. Behringer, Jr., Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Alan P. Goldstein, Goldstein, Goldstein & Bershad, Detroit, Mich., for defendant-appellant.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an appeal from the dismissal of a Chapter 12 bankruptcy proceeding in which the court is called on to interpret an ambiguity in section 517 of the Bankruptcy Act. 11 U.S.C. § 917. The United States prevailed below in its motion contending that the bankruptcy court did not have the pow-

er to carry out the procedures of Chapter 12 in this case because of the interest of the Department of Housing and Urban Development in the property which is the principal asset of Bristol Hills Apartments.

The facts are not complicated. Bristol Hills Apartments is a Michigan co-partnership which built a complex of 168 apartments. To finance this project, Bristol Hills granted a mortgage to Citizens Mortgage Corporation, which mortgage was insured by the United States of America through the Secretary of Housing and Urban Development. 12 U.S.C. § 1715*l*. Bristol Hills defaulted on the mortgage payments, and the mortgage was eventually assigned to the Secretary in exchange for the money that had not been paid by Bristol Hills. When the Secretary published its intent to foreclose on the property for the purpose of selling it, Bristol Hills petitioned the bankruptcy court for an opportunity to proceed under Chapter 12 and thereby postpone or avoid altogether the proposed foreclosure by the Secretary.

> The statute in question reads as follows: Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any debtor under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto; nor shall its provisions be deemed to allow extension or impairment of any secured obligation held by Home Owners' Loan Corporation or by any Federal Home Loan Bank or member thereof. 11 U.S.C. § 917.

The law is clear that if Citizens Mortgage Corporation had, instead of assigning its rights under the mortgage to the Secretary, attempted to foreclose on Bristol Hills itself, section 517 would have prevented any Chapter 12 proceedings. Had this been the case, there would be no question but that "creditors . . . under a mortgage insured pursuant to the National Housing Act" (11 U.S.C. § 917) would be affected by any such proceedings. The question presented to this court is whether, after the transfer of the mortgage interest from the private investor to the governmental insurer, there still existed a "mortgage pursuant to the National Housing Act."

Bristol Hills maintains that once the Secretary, as insurer, paid the defaulted amount to the private mortgagee, there no longer existed an insured mortgage. The argument is that once the insured party has been paid off, there is nothing left to insure and thus, the section, which is limited to those mortgages which are insured, does not apply.

Bristol Hills maintains that this is a reasonable interpretation of the section and that it comports with the legislative intent.

It is clear that Congress intended to create an inducement for investors to use their money to finance projects that would aid the development of housing for the American people. It was believed that if investors knew that a mortgagor could not avoid foreclosure through Chapter 12, the investors would be more likely to become involved with these projects.

Bristol Hills argues that once the private investor is out of the picture, there is no longer any need to assure the inapplicability of Chapter 12. Any private investor who would be induced by the combination of the governmental insurance and section 517 would not be worried by the possibility of Chapter 12 being resorted to in the time period after they had recovered their investment.

The government contends that if the section were to be read as Bristol Hills reads it, the pool of money which allows the government to insure these mortgages will be eaten away a piece at a time, and that unless the applicability of Chapter 12 is avoided, a continual stream of money will be needed in order to keep the mortgage insurance program going. While this court feels that the government's argument may exaggerate the effects of Chapter 12, there is no doubt but that under Bristol Hills' theory, the government would not be as free to act to protect its interests in defaulted mortgages. In sum, the government argues that the exemption from Chapter 12 for mortgages such as the one

at bar is the only way to enforce the purpose of the National Housing Act.

The key words in the statute are "pursuant to" in the sentence "Nothing . . . shall . . . affect . . . creditors . . . insured pursuant to the National Housing Act . . . ." The section is not limited by its terms to the time period "while such insurance on the mortgage remains outstanding" as is the case with 12 U.S.C. § 1731b(a). The lack of this language in 11 U.S.C. § 917, in addition to the use of the broad phrase "pursuant to", leads to the conclusion that the section applies to all mortgages which came into being under the insurance provisions of the National Housing Act whether those mortgages have remained in the hands of the private investors or have been assigned to the governmental insurer.

Not only is this the most reasonable way to read the section concerned, but it is also a good rule. If the law were otherwise, a private mortgagee would have the power, by either assigning or refusing to assign its rights under the mortgage to the government, to determine whether the benefits of Chapter 12 will be available to the mortgagor. What would undoubtedly happen if this were the law is that the government would make sure not to accept assignments until foreclosure proceedings had already been effectuated. This would force some investors to hesitate to finance needed projects for fear of being a party to foreclosure proceedings because the government would not let them out by accepting an assignment.

For the reasons stated, the court finds that there is in this case "a mortgage insured pursuant to the National Housing Act" and that the decision of the bankruptcy court dismissing the Chapter 12 for lack of subject matter jurisdiction must be affirmed.

So ordered.