SPRECHER, Circuit Judge.
 

 This appeal from the dismissal of a Chapter XII bankruptcy proceeding raises the question of whether Section 517 of the Bankruptcy Act, 11 U.S.C. § 917, requires dismissal because the only real property owned by the debtor is subject to a mortgage insured pursuant to the National Housing Act, 12 U.S.C. § 1701
 
 et seq.,
 
 which mortgage is now held by the Secretary of Housing and Urban Development.
 

 I
 

 The debtor is an Illinois general partnership which is the “owner” of a 285-unit apartment complex with recreational facilities, located in Carol Stream, Illinois.
 
 [1]
 
 The property was encumbered on February 1, 1971 with a mortgage in the amount of $4,023,500, held by Draper and Kramer, Inc., which mortgage was assigned on September 14, 1973, to the American Federation of Labor and Congress of Industrial Organizations Mortgage Investment Trust (Mortgage Investment Trust). From the time of its execution, the mortgage was insured pursuant to the National Housing Act. The debtor defaulted in making the mortgage payments.
 

 On February 3, 1975, the Mortgage Investment Trust assigned to the Secretary of Housing and Urban Development (HUD) “all rights and interest arising under the mortgage and credit instrument so in default, and all claims against the mortgagor, or others, arising out of the mortgage transaction.” The insurance benefits were paid to the Mortgage Investment Trust in accordance with 12 U.S.C. § 1713(g).
 
 [2]
 

 On June 8, 1976, the United States, on behalf of HUD, commenced an action in the district court to foreclose the mortgage. On February 10, 1977, the United States through the Secretary of HUD, was placed in possession of the real estate.
 

 
 *1153
 
 On May 16, 1977, the debtor filed its Chapter XII Petition for a Real Property Arrangement. On January 19, 1978, the bankruptcy court dismissed the petition and proceeding on the basis of Section 517 of the Bankruptcy Act, upon finding that the United States, through HUD, “is the only secured creditor holding a security interest in the real estate which is the subject matter of the Chapter XII petition .. .. ”
 

 The debtor appealed to the district court which on December 19, 1979, affirmed the bankruptcy court on the basis of Section 517. The debtor then appealed to this court, arguing that Section 517 does not apply.
 

 II
 

 A
 

 Section 517 of the Bankruptcy Act
 
 [3]
 
 provides that “[njothing contained in this chapter [Chapter XII, Real Property Arrangements] shall be deemed to affect or apply to the creditors of any debtor under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto .... ”
 

 HUD is a creditor of the debtor in this Chapter XII proceeding.
 
 [4]
 
 “Creditors” under Chapter XII means “holders of claims,” and “claims” includes “all claims of whatever character, against a debtor or his property, whether or not such claims are provable ... and whether secured or unsecured, liquidated or unliquidated, fixed or contingent.” 11 U.S.C. § 806(2) and (5). A mortgage is a claim against a debtor or his property
 
 [5]
 
 and the insurer of a mortgage has a fixed or contingent claim from the time of the assumption of the obligation to insure.
 
 American Surety Co. v. Marotta,
 
 287 U.S. 513, 518, 53 S.Ct. 260, 262, 77 L.Ed. 466 (1933).
 

 On February 1, 1971, the mortgage was insured pursuant to the National Housing Act. The same mortgage and the underlying credit instrument are now held by HUD through assignment. Thus, HUD falls within the exemptive language of Section 517 by qualifying as the creditor of a debtor under a mortgage insured pursuant to the National Housing Act.
 

 If HUD were not exempt, a Chapter XII petition would not be subject to dismissal and HUD’s foreclosure proceeding would be stayed.
 
 [6]
 
 The debtor has argued that once the private mortgagee has been paid by HUD, the mortgage is no longer insured and Section 517 no longer applies. This argument ignores the fact that the private mortgagee assigned all rights and interest arising under an insured mortgage to HUD.
 
 [7]
 
 The argument is almost tanta
 
 *1154
 
 mount to an argument that since the private mortgagee has been paid, the mortgage has been satisfied and the mortgagor should be released from its obligations. Here the debtor does not actually seek a release from the mortgage obligations, which of course would be absurd, but does seek a stay of the mortgage obligations, which Section 517, as we interpret it, prevents.
 

 If Congress intended to limit Section 517 to private holders of insured mortgages it could have done so in many ways. Whereas the first clause of Section 517 refers broadly to creditors
 
 under
 
 an insured mortgage, the second clause
 
 [8]
 
 applies only to an obligation
 
 held
 
 by specific entities. Congress did not elect to limit the first clause to
 
 private holders
 
 of insured mortgages. Also the first clause is not limited by its terms to the time period “while such insurance on the mortgage remains outstanding,” as Congress carefully limited another section of the National Housing Act — 12 U.S.C. § 1731b(a).
 
 See, Rodeway Inns of America, Inc. v. Frank,
 
 541 F.2d 759 (8th Cir. 1976),
 
 cert. denied,
 
 430 U.S. 945, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977).
 

 Furthermore, a paragraph within the same section under which HUD paid the insurance proceeds and took assignment of the mortgage clearly refers to a mortgage after payment and assignment as a “mortgage insured” and an “insured mortgage.”
 
 [9]
 

 The plain language of the statute supports the position that Section 517 applies to the United States and HUD.
 
 [10]
 

 B
 

 The debtor, relying upon legislative history, has argued that the primary purpose of the National Housing Act “was to provide housing for the American people through
 
 private
 
 investment and to encourage private investors, especially insurance companies, to finance such housing.” Appellant’s Brief, p. 12 (emphasis in original). The debtor has then contended that the legislative history of Section 77B(n), the predecessor to Section 517, indicates that the Congressional purpose was to protect private lenders only.
 

 The only support given for this conclusion is the statement before the Senate Judiciary Committee of Abner H. Ferguson, the Assistant General Counsel of the Federal Housing Administration, the predecessor of HUD, wherein he simply refers to the fact that in 1935 the financing of low-cost housing could only be expected to come from large life insurance companies, and that they were unwilling to do so as long as the debtors could enjoin foreclosure by seeking Section 77B bankruptcy relief.
 
 [11]
 
 Although this may reveal an interest in protecting private mortgagees, it has no direct bearing on the question of whether the United States should be excluded from the same protection when it becomes the mortgagee by assignment. In fact, in the absence of contrary expression, it may be presumed that Mr. Ferguson, as a government representative, had no intent to exclude the government from that protection.
 

 Much more pertinent is Mr. Ferguson’s prefatory statement that the “purpose of this amendment is to take from within the
 
 *1155
 
 operation and effect of the [bankruptcy] act the securities and the holders of securities .. . . ” He went on to explain the “reasons we have for feeling that these securities should not be under Section 77B .
 
 [12]
 
 The clear intent was to exempt the “securities” and the “holders of securities,” not only private holders of those securities. In this case the same security was involved when it was held by Draper & Kramer, Inc., by the Mortgage Investment Trust, and by HUD.
 

 Finally, on the question of Congressional policy, although private lenders as well as any holders of insured mortgages are beneficiaries, and perhaps the prime beneficiaries, of many provisions of the National Housing Act, the occupants of the housing so provided are also beneficiaries.
 
 [13]
 
 Delaying foreclosure through bankruptcy petitions often delays occupancy or adds burdens of uncertainty to occupants. An interpretation of Section 517 which includes HUD as a “creditor ... under a mortgage insured pursuant to the National Housing Act” furthers the policies of the National Housing Act. In
 
 United States v. View Crest Garden Apts., Inc.,
 
 268 F.2d 380, 383 (9th Cir. 1959),
 
 cert. denied,
 
 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120 (1959), the court said:
 
 [14]
 

 A different set of factors come into play when the planning stage and the working stages of the agreement have been terminated. After a default the sole situation presented is one of remedies. Commercial convenience in utilizing local forms and recording devices familiar to the community is no longer a significant factor. Now the federal policy to protect the treasury and to promote the security of federal investment which in turn promotes the prime purpose of the Act — to facilitate the building of homes by the use of federal credit — becomes predominant.
 

 In regard to these policy considerations, the court in
 
 United States v. Bristol Hills Apartments,
 
 461 F.Supp. 1179, 1181 (E.D.Mich.1978), in holding that Section 517 includes HUD, said:
 

 Not only is this the most reasonable way to read the section concerned, but it is also a good rule. If the law were otherwise, a private mortgagee would have the power, by either assigning or refusing to assign its rights under the mortgage to the government, to determine whether the benefits of Chapter 12 will be available to the mortgagor. What would undoubtedly happen if this were the law is that the government would make sure not to accept assignments until foreclosure proceedings had already been effectuated. This would force some investors to hesitate to finance needed projects for fear of being a party to foreclosure proceedings because the government would not let them out by accepting an assignment.
 

 C
 

 The debtor has argued that Section 517 is totally inconsistent with Section 455 of the Bankruptcy Act, 11 U.S.C. § 855,
 
 [15]
 
 which manifests a Congressional intent to make all claims of the United States subject to Chapter XII. Section 455 provides that “[i]f the United States is a secured or unsecured creditor of a debtor, the claim thereof shall be deemed to be affected by an arrangement under this chapter [XII] ... . ”
 

 
 *1156
 
 Where there are two provisions in a statute, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one case or subject within the scope of the general provision, then the particular provision must prevail; and if both cannot apply, the particular provision will be treated as an exception to the general provision.
 

 In
 
 D. Ginsberg & Sons, Inc. v. Popkin,
 
 285 U.S. 204, 208, 52 S.Ct. 322, 323, 76 L.Ed. 704 (1932), the Supreme Court said:
 

 General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment.
 
 United States v. Chase,
 
 135 U.S. 255, 260 [10 S.Ct. 756, 757, 34 L.Ed. 117]. Specific terms prevail over the general in the same or another statute which otherwise might be controlling.
 
 Kepner v. United States,
 
 195 U.S. 100, 125 [24 S.Ct. 797, 802, 49 L.Ed. 114].
 
 In re Hassenbusch
 
 [C.C.A.] 108 Fed. [35] 38,
 
 United States
 
 v.
 
 Peters,
 
 [D.C.] 166 Fed. 613, 615. The construction contended for would violate the cardinal rule that, if possible, effect shall be given to every clause and part of a statute. Market
 
 Co. v. Hoffman,
 
 101 U.S. 112, 115 [25 L.Ed. 782].
 
 Ex Parte Public National Bank,
 
 278 U.S. 101, 104 [49 S.Ct. 43, 44, 73 L.Ed. 202].
 

 In
 
 Monte Vista Lodge v. Guardian Life Ins. Co.,
 
 384 F.2d 126 (9th Cir. 1967),
 
 cert. denied,
 
 390 U.S. 950, 88 S.Ct. 1041, 19 L.Ed.2d 1142 (1968), the Court was asked to apply general provisions of Chapter X (corporate reorganizations) as against Section 263
 
 [16]
 
 of the Bankruptcy Act, which is virtually identical to Section 517. In upholding the application of Section 263, the Court noted that “[fundamental maxims of statutory construction require that a specific section be found to qualify a general section.” 384 F.2d at 129.
 

 There is no substance to the debtor’s argument. It is clear that Section 517 applies despite the presence of Section 455.
 

 Ill
 

 Inasmuch as a Chapter XII arrangement means “any plan which has for its primary purpose the alteration or modification of the rights of creditors ... holding debts secured by real property ... of which the debtor is the ... owner,” 11 U.S.C. § 806(1), and inasmuch as HUD, which we hold exempt under Section 517, is the only creditor holding a security interest in the real estate owned by the debtor, we affirm the judgment of dismissal from which the debtor appeals.
 
 [17]
 

 [1]
 

 . At the time of the filing of the petition for a real property arrangement under Chapter XII of the Bankruptcy Act, the debtor was the sole beneficiary of Trust No. 24671 of the Exchange National Bank, which then held legal and equitable title to the property under Illinois land trust law. Subsequent to the filing of the motion to dismiss by the United States, the trustee conveyed title to the debtor. For the purpose of Chapter XII, the debtor was the “owner” of the property at all times.
 
 In re Gladstone Glen,
 
 628 F.2d 1015 (7th Cir. 1980).
 

 [2]
 

 . The pertinent part of 12 U.S.C. § 1713(g) provides:
 

 The failure of the mortgagor to make any payment due under or provided to be paid by the terms of a mortgage insured under this section shall be considered a default under such mortgage and, if such default continues for a period of thirty days, the mortgagee shall be entitled to receive the benefits of the insurance as hereinafter provided, upon assignment, transfer, and delivery to the Secretary, within a period and in accordance with rules and regulations to be prescribed by the Secretary of (1) all rights and interests arising under the mortgage so in default; (2) all claims of the mortgagee against the mortgagor or others, arising out of the mortgage transactions; (3) all policies of title or other insurance or surety bonds or other guaranties and any and all claims thereunder; (4) any balance of the mortgage loan not advanced to the mortgagor; (5) any cash or property held by the mortgagee, or to which it is entitled, as deposits made for the account of the mortgagor and which have not been applied in reduction of the principal of the mortgage indebtedness; and (6) all records, documents, books, papers, and accounts relating to the mortgage transaction.
 

 [3]
 

 . 11 U.S.C. § 917 provides:
 

 Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any debtor under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto; nor shall its provisions be deemed to allow extension or impairment of any secured obligation held by Home Owners’ Loan Corporation or by any Federal Home Loan Bank or member thereof.
 

 [4]
 

 . “[T]he debtor does not deny that HUD is a creditor in these proceedings .... ” Debtor’s Reply Brief, p. 2.
 

 [5]
 

 . The Chapter XII definition of a creditor embodies “a more inclusive definition ... than applicable in ordinary bankruptcy proceedings.”
 
 G. F. Wertime, Inc. v. Turchick,
 
 358 F.2d 802, 811 (2d Cir. 1966).
 

 [6]
 

 . Bankruptcy Rule 12-43(a) provides;
 

 A petition filed under . .. [Chapter XII] shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of the rehabilitation of the debtor or the liquidation of his estate.
 

 [7]
 

 .The National Housing Act provides in 12 U.S.C. § 1713(k):
 

 Pending such acquisition by voluntary conveyance or by foreclosure, the Secretary is authorized, with respect to any mortgage assigned to him under the provisions of subsection (g) of this section, to exercise all the rights of a mortgagee under such mortgage, including the right to sell such mortgage, and to take such action and advance such sums as may be necessary to preserve or protect the lien of such mortgage.
 

 [8]
 

 .
 
 See
 
 footnote 3,
 
 supra.
 

 [9]
 

 . Payment of the insurance proceeds and assignment of the mortgage are authorized by 12 U.S.C. § 1713(g).
 
 See
 
 footnote 2
 
 supra.
 
 12 U.S.C. § 1713(k) provides in
 
 part
 
 (emphasis added):
 

 The Secretary is authorized either to (1) acquire possession of and title to any property,
 
 covered by a mortgage insured
 
 under this section and assigned to him, by voluntary conveyance in extinguishment of the mortgage indebtedness, or (2) institute proceedings for foreclosure on the property
 
 covered by any such insured mortgage
 
 and prosecute such proceedings to conclusion.
 

 [10]
 

 . Apparently no court of appeals has decided this question but in dicta the Eighth Circuit found the conclusion which we now reach to be “persuasive”.
 
 United States v. Mansion House Center North Redevelopment Co.,
 
 594 F.2d 653, 656 n.5 (8th Cir. 1979),
 
 cert. denied,
 
 444 U.S. 835, 100 S.Ct. 69, 62 L.Ed.2d 45 (1979).
 

 [11]
 

 . Hearing Before Subcommittee of Senate Judiciary Committee, 74 Cong., 1st Sess. on S. 3058, June 18, 1935, p. 2.
 

 [12]
 

 .
 
 Id.
 
 at l. 2.
 

 [13]
 

 .
 
 Caramico v. HUD,
 
 509 F.2d 694, 700 (2d Cir. 1974).
 

 [14]
 

 .
 
 See also, View Crest Garden Apts., Inc. v. United States,
 
 281 F.2d 844, 848 (9th Cir. 1960),
 
 cert. denied,
 
 364 U.S. 902, 81 S.Ct. 235, 5 L.Ed.2d 195 (1960);
 
 United States v. West Willow Apts., Inc.,
 
 245 F.Supp. 755, 758 (E.D.Mich.1965) (“One of the purposes of that Act is to afford to the Federal Housing Administration the finest protection of its security interest.”).
 

 [15]
 

 .11 U.S.C. § 855 provides in pertinent part:
 

 If the United States is a secured or unsecured creditor of a debtor, the claim thereof shall be deemed to be affected by an arrangement under this chapter, and the Secretary of the Treasury is hereby authorized to accept or reject an arrangement in respect of the claims of the United States.
 

 [16]
 

 . Section 263, 11 U.S.C. § 663 provides:
 

 Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any corporation under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto. Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any corporation under a mortgage insured pursuant to title XI of the National Housing Act.
 

 [17]
 

 . Neither the language nor the legislative history of the new Bankruptcy Code appears to shed any significant light on this problem arising under the Bankruptcy Act.