46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert McMILLAN, Plaintiff-Appellant,
v.
CITY OF WHITE HALL, Harold L. Brim, Frank Custer, Dennis
Devino, Edwin Ford, Harold Smith, and Richard
Heberling, Defendants-Appellees.
 No. 94-1925.
 United States Court of Appeals, Seventh Circuit.
 Argued: Oct. 26, 1994.
Decided: Dec. 21, 1994.
 
 1
 Before FLAUM and KANNE, Circuit Judges, and WILL, District Judge*.
 
 ORDER
 
 2
 This is an appeal from the District Court's sua sponte grant of summary judgment against plaintiff-appellant Robert McMillan. For the reasons stated below we reverse the order of the District Court and remand for further proceedings.
 
 I. BACKGROUND
 
 3
 Robert McMillan is a police officer for the City of White Hall, Illinois. On March 16, 1993, the White Hall City Council suspended McMillan without pay for five days and relieved him indefinitely of his duties as a "juvenile officer." In response, McMillan filed suit pursuant to 42 U.S.C. Sec. 1988 and state law against the City of White Hall, its Mayor, and five City Alderman. McMillan claimed that he had a protected property interest in his job, including his lost five days of pay and juvenile duties, and that defendants had deprived him of that interest in violation of his due process rights under the Fourteenth Amendment and the Illinois Constitution.
 
 
 4
 In his complaint, McMillan alleged that prior to being suspended he was not provided with a hearing, advised that there were any charges pending against him, or told that he was facing any possible penalties. McMillan stated that he had been interrogated by the City's Police Committee concerning so-called "incidents" involving his children, but had not been given any written notice concerning the nature of the investigation nor given any statement of charges or grounds for the disciplinary action. Further, McMillan claimed that since there was no hearing, he was never allowed to present any evidence or cross-examine witnesses against him.
 
 
 5
 Defendants filed a motion to dismiss McMillan's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff was an "at will" employee and therefore had no property interest by which to invoke due process protection. Plaintiff responded that the Illinois' Uniform Peace Officers Disciplinary Act and/or the Revised Code of the City of White Hall created such an interest. A Magistrate Judge considered defendants' motion and concluded that McMillan's claim of a property interest was meritorious and recommended that the defendants' motion to dismiss be denied. The District Court adopted the magistrate's recommendation and denied the motion.[1]
 
 
 6
 After proceeding with discovery, defendants filed a motion for summary judgment that both reiterated their claim that McMillan had no property right in his job, and in the alternative, argued that defendants had qualified immunity. The District Court concluded that defendants' summary judgment motion was basically a renewed version of their motion to dismiss and declared that it would therefore treat it as such under Fed. R. Civ. P. 12(b)(6). The Court then noted that Fed. R. Civ. P. 12(g) prohibited the type of piecemeal arguments for dismissal that defendants had apparently made, but that nonetheless, it would address the claims raised by defendant's motion.
 
 
 7
 The District Court reaffirmed the Magistrate's holding that McMillan had a property right in his employment which entitled him to due process protection. Then, in a surprise move, the District Court sua sponte raised the merits of Plaintiff's Fourteenth Amendment due process claims, determined that McMillan had been provided with legally adequate due process protection, and granted the defendants' motion for summary judgment on those grounds. The Court reasoned that although McMillan had not been provided with a judicial-type evidentiary hearing, he had been given a sufficient opportunity to present his position before the Police Committee. Supplemental jurisdiction over the remaining state law claims was declined and the case was thereby dismissed with prejudice.
 
 II. DISCUSSION
 
 8
 McMillan argues on appeal that it was improper for the District Court to raise sua sponte the merits of his procedural due process claim, and then to decide that claim against him without giving him an opportunity to be heard. We agree.
 
 
 9
 A District Court may not properly grant summary judgement unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In this case, defendants filed a motion for summary judgment on the grounds that McMillan did not have a protected property right in his employment, and in the alternative, that they had qualified immunity. The District Court denied the motion on those grounds, but then in the same order, sua sponte granted summary judgment against McMillan on the merits of his federal due process claims.[2] There was no warning that the District Court was going to reach McMillan's due process claims, and he was not given the opportunity to provide many of the opposing materials that Fed. R. Civ. P. 56 envisions.
 
 
 10
 In Sawyer v. United States, 831 F.2d 755 (7th Cir. 1987), this court advised that "granting summary judgment sua sponte warrants special caution." No such caution was exhibited here. The District Court granted summary judgment on an issue that defendants had not raised in their motion. No notice was given, and plaintiff was not afforded an opportunity to be heard. In circumstances such as this, when summary judgment comes as a surprise to both parties and there are substantial factual unanswered questions, we cannot conclude that sua sponte dismissal without a hearing on the merits was proper. Peckmann v. Thompson, 966 F.2d 295, 297-98 (7th Cir. 1992); Shockley v. Jones, 823 F.2d 1068, 1072-73 (7th Cir. 1987). Sua sponte decisions are hazardous because they often conflict with traditional adversarial concepts of justice, waste judicial resources, and prejudice the losing party. Doe v. St. Joseph's Hosp. of Fort Wayne, 788 F.2d 411 (7th Cir. 1986). This case demonstrates those hazards, and accordingly, we find that the District Court's sua sponte grant of summary judgment was improper.
 
 
 11
 Defendants argue that regardless of the appropriateness of the District Court's sua sponte action, we should affirm the grant of summary judgment on the grounds that McMillan does not have a protected property right in his job. This argument has been made twice before and rejected by both the Magistrate Judge and the District Court. We likewise conclude that McMillan has a sufficient property right in his employment to entitle him to constitutional due process protection, and need only briefly review that issue here.
 
 
 12
 To possess a constitutionally protected property right in his employment, McMillan must have a legitimate entitlement to it. Board of Regents v. Roth, 408 U.S. 564, 570 (1972). To determine whether such an entitlement exists we look to Illinois law to see if there is a relevant statute, ordinance, or contract that provides some substantive criteria limiting the City of White Hall's discretion in terminating its police officers. Cain v. Larson, 879 F.2d 1424, 1426 (7th Cir. 1988), cert. denied, 493 U.S. 992 (1989). Here, McMillan argues that Sections 30-2-6 and 30-2-16 of the Revised Code of the City of White Hall are sufficient to create that legitimate entitlement and provide him with a property interest.
 
 
 13
 We agree with the District Court that these sections of the Revised Code entitle police officers of the City of White Hall to due process protection. Section 30-2-16 states that a police department employee who fails to perform the required duties or who is guilty of other listed misconduct shall be subject to removal. Contrary to defendant's assertions, this provision is more than procedural. Furthermore, it is sufficient to give assurances and create the understanding that police officers will not be fired without cause. A property interest therefore arises. Perry v. Sindermann, 408 U.S. 593, 601 (1972); Gorman v. Robinson, 977 F.2d 350, 356-57 (7th Cir. 1992). Defendants argue that Section 13-2-15 of the Revised Code makes all city employees, including police officers, terminable at will. As the District Court discussed, however, Section 13-2-15 is a general provision that applies to all city employees, and under accepted principles of statutory construction the more job specific sections are to be given precedence. See In the Matter of Thornhill Way I, 636 F.2d 1151, 156 (7th Cir. 1980).[3]
 
 
 14
 Having reviewed the issues presented, we feel compelled to comment upon the relatively large quantity of time and money already expended on this litigation. Clearly this is a case of principle over principal. Perhaps now the parties will make a serious attempt to reach a mutually agreeable solution to this matter and avoid the expenditure of additional legal and judicial resources.
 
 III. CONCLUSION
 
 15
 The District Court correctly concluded that the Revised Code of the City of White Hall created a property interest that entitled McMillan to due process protection. The District Court erred, however, when it sua sponte granted summary judgment against McMillan on his federal due process claims without providing notice or an opportunity to be heard. The Order of the District Court is accordingly reversed and remanded. If the parties choose to pursue this action the District Court shall provide them with an opportunity to respond and present evidence on the merits of McMillan's due process claims to determine whether summary judgment is appropriate.
 
 
 
 *
 The Honorable Hubert L. Will, District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation
 
 
 [1]
 Defendants filed Objections to the Magistrate's Ruling and Recommendation, but the District Court found that they were not timely and therefore did not consider them
 
 
 [2]
 We note that the District Court's Order is somewhat ambiguous as to whether its ultimate decision was a dismissal under Fed. R. Civ. P. 12(b)(6), or a grant of summary judgment under Fed. R. Civ. P. 56. We conclude that the Order is best understood as a grant of summary judgment. Either way, however, the District Court's sua sponte action was improper and our analysis and conclusions remain the same
 
 
 [3]
 McMillan also argues that pursuant to 28 U.S.C. Sec. 636(b)(1), defendants may have waived their right to appeal the property right issue by failing to file a timely objection to the Magistrate Judge's initial Recommendation and Order. Under the authority of Egert v. Connecticut General Life Ins. Co., 900 F.2d 1032 (7th Cir. 1990), and Video Views, Inc., v. Studio 21, LTD., 797 F.2d 538 (7th Cir. 1986), the issue is worth inquiry. Because McMillan did not raise this issue until his reply brief, however, he has violated Circuit Rule 28(f) which requires that "a reply brief shall be limited to matter in reply." Egert, 900 F.2d at 1035. We therefore find it inappropriate an unnecessary to consider the merits of the waiver issue now